**Brice Christopher CHATMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 606–92.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 3, 1993.

Douglas M. Barlow, Beaumont, for appellant.

Tom Maness, Dist. Atty., and R.W. Fisher, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty., Matthew W. Paul, Asst. State's Atty., Austin, for State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

A jury convicted appellant of murder and assessed punishment at confinement for forty-five years. The Court of Appeals reversed the conviction and ordered an acquittal. *Chatman v. State,* 830 S.W.2d 637 (Tex.App.—Beaumont 1992). We granted the State's petition for discretionary review to consider whether the Court of Appeals was correct in finding the charge did not authorize the jury to convict under a parties theory and, therefore, the evidence was insufficient to support appellant's conviction as a non-party.

Clarence Joseph Leonard testified that he was riding with the deceased in his pickup truck on March 25, 1991. In response to inquiry by the deceased, appellant and a companion approached the truck to sell cocaine to the deceased. An argument about money ensued and appellant jumped into the bed of the pickup truck and fired several times into the truck through the back window. The other man, who was standing by the driver's door, also fired into the truck several times. The deceased died as a result of gunshot wounds to the left side of his body.

The court's charge to the jury contained an abstract instruction on the law of parties which read:

A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, or by the conduct of another for which he is criminally responsible, or both. Each party to an offense may be charged with and convicted of the commission of the offense.

A person is criminally responsible for an offense committed by the conduct of another if acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids or attempts to aid the other person to commit the offense.

Mere presence alone at the scene of an alleged offense, if any, will not constitute one a party to an offense.

The application paragraph read:

Now, if you believe from the evidence beyond a reasonable doubt that in Jefferson County, Texas, on or about March 25, 1991, the defendant Brice Christopher Chatman, *either acting alone or as a party, as that term has been defined,* intentionally or knowingly caused the death of an individual, namely: Lester Guillory, Jr., by shooting him with a deadly weapon, namely: a firearm, you shall find the defendant guilty of the offense of murder as alleged in the indictment.

Unless you so find, or if you have a reasonable doubt thereof, you shall find the defendant not guilty. [emphasis added].

The Court of Appeals relied upon *Apodaca v. State,* 589 S.W.2d 696 (Tex.Cr.App. 1979), to hold that the parties language in

the application paragraph in the instant case was not an application of the law of parties to the facts. The charge in *Apodaca* contained abstract instructions on the law of parties, but the application paragraph instructed the jury to find whether the defendant caused the deceased's death "as a principal." This Court held that language was not sufficient to require the jury to find whether the defendant was criminally responsible for the acts of another. The Court of Appeals read *Apodaca* to hold that the language "as a principal" in the application paragraph was no application of the law of parties to the facts. In the view of the Court of Appeals, the language in the instant case was analogous; thus the court found there was *no* application of the law of parties to the facts in the application paragraph. Applying the sufficiency principles of *Walker v. State*, 823 S.W.2d 247 (Tex.Cr.App.1991), and *Jones v. State*, 815 S.W.2d 667 (Tex.Cr.App.1991), which dealt with a complete absence of parties language in the application paragraph, the court reversed and ordered an acquittal because the evidence did not show appellant was guilty as a principal or primary actor.[1]

In *Apodaca* this Court found charge error because the trial court failed, over the defendant's timely objection, to apply the law of parties to the facts. We characterized *Romo v. State*, 568 S.W.2d 298 (Tex. Cr.App.1978), as a case with a "similarly defective charge which also failed to apply the law of parties to the facts of the case." *Apodaca*, 589 S.W.2d at 698. In *Romo* the "similarly defective" application paragraph contained no reference to the law of parties. The line of cases noted by the Court

of Appeals and referenced in *Apodaca* were also cases in which *no* reference to the law of parties was contained in the application paragraph. *Savant v. State*, 544 S.W.2d 408 (Tex.Cr.App.1976); *McCuin v. State*, 505 S.W.2d 827 (Tex.Cr.App.1974); and *Oliver v. State*, 160 Tex.Cr.R. 222, 268 S.W.2d 467 (1954). Also, objection was made in each case to the failure to apply the law of parties to the facts. This Court held that reversible error occurred when the application paragraph contained no application of the law of parties to the facts and the evidence showed or raised an issue that the conduct of the defendant was not sufficient to show his guilt as the primary actor and objection was made.

*Apodaca* was decided several years after the enactment of V.T.C.A. Penal Code, §§ 7.01 and 7.02, which abolished the distinction between "principals" and "accomplices" and greatly simplified issues of pleading and proof for the law of criminal responsibility. Therefore, in *Apodaca* use of the phrase "as a principal" was not parties language under applicable law and was similar to alleging the defendant, "acting alone," or as the primary actor, committed the offense. The term "principal" indicates sole responsibility, not shared responsibility. It is not analogous to alleging "either acting alone or as a party, as that term has been defined," when that term has been defined in the charge under §§ 7.01 and 7.02. Therefore, *Apodaca* is analogous to the *Oliver* line of cases in which no application of the law of parties to the facts was contained in the application paragraph; however, it is not analogous to the instant case which contained specific reference to the law of parties. To

---

1. The State attempts to make much of the Court of Appeals' reliance on *Apodaca* and other cases decided on a charge error claim. The Court of Appeals' method of analysis was correct because appellant challenged the sufficiency of the evidence. Under the line of cases following *Benson v. State*, 661 S.W.2d 708 (Tex.Cr.App.1983) (opinion on second motion for rehearing), this must be done by looking at a legally proper charge. First, the Court of Appeals had to determine if the application paragraph was legally proper or contained error. It did so by examining cases involving charge error which were decided prior to the *Benson* line of cases. In

essence, the court determined that on its face the charge was proper and did not include any application of the law of parties. Therefore, in line with its conclusion that the application paragraph did not include any parties reference, the Court of Appeals correctly reviewed appellant's sufficiency claim as though appellant were charged as a principal or primary actor under *Walker* and *Jones*. Although we disagree with the initial premise concerning the law of parties, the Court of Appeals otherwise correctly analyzed the case in light of appellant's sufficiency claim.

conclude the instant case is similar ignores the actual presence of parties language versus a total absence as in *Apodaca* and *Oliver.*

In *Johnson v. State,* 739 S.W.2d 299 (Tex.Cr.App.1987), this Court held that a nearly identical instruction in the application paragraph as that in the instant case was not sufficiently explicit to apply the law of parties to the fact when an objection was made requesting application of the particular manner in which the defendant acted as a party. In *Johnson* the application paragraph included the instruction that the jury could convict if it found beyond a reasonable doubt that the defendant "either acting alone or with another or others as a party as that term has heretofore been defined" committed the offense. *Johnson,* 739 S.W.2d at 307. This Court's opinion, finding the defendant requested that the charge "more explicitly" apply the law of parties to the facts, indicates such language is not a total failure to apply the law to the facts, and is simply a general application.

In the instant case "acting alone or as a party, as that term has been defined," generally applied the law of parties to the facts in the application paragraph. A jury following the wording of the application paragraph in the instant case could find appellant guilty as the primary actor *or* it could find appellant guilty as a party. Further, the jury could, by the instructions in the application paragraph, refer to the definition of parties in the abstract portion of the charge to determine whether appellant's actions met that definition.

■ As the Court of Appeals discussed, the facts of the instant case are sufficient to convict appellant as a party to the murder committed by the only other actor involved. We conclude the general application of the law of parties to the facts was sufficient to refer the jury to the abstract instructions on the law of parties so that the jury could properly apply the law to the facts. The jury was not misled or confused by such application under the facts of the case. No fundamental error is shown. See *Watson v. State,* 693 S.W.2d 938, 941

(Tex.Cr.App.1985), stating that inclusion of such language instructed the jury they could find the defendant guilty as a party. If a defendant desires a more explicit application of a particular method of acting as a party, it is his burden to request such or object to the charge. See *Johnson,* supra. Accordingly, the judgment of the Court of Appeals is reversed and the conviction is affirmed.

CLINTON, J., concurs in the result.