IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-93-252-CR





ANDREW FREEMAN,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT



NO. 18,045, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING



 




PER CURIAM

 A jury found appellant guilty of murder and assessed punishment at imprisonment
for thirty years and a $10,000 fine. Tex. Penal Code Ann. § 19.02 (West 1989). We will affirm.

 On June 11, 1991, appellant and his brothers, David Freeman and Jasper Hardin,
got into an argument with Allen Lewis, John Lewis, and Dennis Johnson in a Cameron park. 
Although appellant and his brothers eventually left the park, they soon returned in an automobile
driven by appellant. As the car drove slowly past the park, the Lewises and Johnson gathered
around it, exchanging insults with the car's occupants. Suddenly, the car stopped and shots were
fired. As appellant sped away, Allen Lewis fell to the ground with a bullet in his head. 

 All witnesses to the shooting agreed that the shots were fired from inside
appellant's car. The witnesses also agreed that both appellant and David Freeman were armed
with pistols. The identity of the shooter, however, was disputed. John Lewis testified that he saw
appellant shoot his brother, while two defense witnesses testified that David Freeman fired the
fatal shots.

 Over appellant's objection, the district court instructed the jury on the law of
parties. Tex. Penal Code Ann. §§ 7.01, 7.02 (West 1974). If the evidence supports it, a parties
instruction may be given even though the facts giving rise to the defendant's criminal
responsibility for the acts of another were not alleged in the indictment. Crank v. State, 761
S.W.2d 328, 351 (Tex. Crim. App. 1988); Pitts v. State, 569 S.W.2d 898, 900 (Tex. Crim. App.
1978). The evidence in this cause establishes that appellant and his brother armed themselves and
returned to the scene of the earlier altercation. As appellant drove the car slowly past the park,
the Freemans resumed their argument with the Lewises. Either appellant or David Freeman then
shot Allen Lewis, and appellant drove away. It was for the jury, as trier of fact, to resolve the
conflict in the testimony with regard to the identity of the person who fired the fatal shot. 
Assuming the jury found that David Freeman shot Lewis, the evidence with regard to appellant's
involvement in the affair supports a finding that he and his brother were acting together, each
contributing to the execution of a common purpose. See Burdine v. State, 719 S.W.2d 309, 315
(Tex. Crim. App. 1986). Point of error two, in which appellant contends the court erred by
giving the parties instruction, is overruled.

 Appellant also contends the district court did not properly apply the law of parties
to the facts of the case. The application paragraph authorized appellant's conviction if the jury
found that he "act[ed] alone or with another or others as a party to the offense, as that term is
hereinbefore defined." Had appellant objected to the wording of the application paragraph, we
would agree that this instruction was not sufficiently explicit to apply the law of parties to the
facts. Chatman v. State, 846 S.W.2d 329 (Tex. Crim. App. 1993); Johnson v. State, 739 S.W.2d
299 (Tex. Crim. App. 1987). Appellant did not object to the form of the application paragraph,
however, and the instruction given was sufficient to refer the jury to the abstract instructions on
the law of parties so that the jury could properly apply the law to the facts. Chatman, 846
S.W.2d at 332. Fundamental error is not shown. Id. Point of error three is overruled. 

 We also overrule point of error four, in which appellant urges that the evidence is
legally insufficient to support the conviction. From the evidence in this cause, a rational jury
could find beyond a reasonable doubt either that appellant intentionally or knowingly caused Allen
Lewis's death by shooting him with a pistol, or that appellant intentionally or knowingly
encouraged, directed, or aided David Freeman's murder of Lewis. Jackson v. Virginia, 443 U.S.
307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614
S.W.2d 155 (Tex. Crim. App. 1981).

 Finally, appellant contends the district court erred by refusing to permit appellant
to introduce evidence of Allen Lewis's criminal record, including convictions for aggravated
assault. Evidence of a crime victim's character is inadmissible unless it is pertinent to an issue
in the case. Tex. R. Crim. Evid. 404(a)(2). In a homicide prosecution, evidence of the
deceased's violent character may be admitted if there is some evidence of an act on the part of the
deceased sufficient to raise an issue whether the defendant justifiably killed in self-defense. 
Gutierrez v. State, 764 S.W.2d 796, 798 (Tex. Crim. App. 1989); Currie v. State, 692 S.W.2d
95, 96 (Tex. Crim. App. 1985); Dempsey v. State, 266 S.W.2d 875, 878 (Tex. Crim. App.
1954). Appellant did not claim he or his brother shot Allen Lewis in self-defense. The evidence
is uncontradicted that Lewis was not armed. The only evidence even suggestive of aggressive
behavior on Lewis's part is testimony that one of the men standing beside appellant's car
threatened to "beat up" appellant and his companions if they got out of the vehicle. No error is
shown, and point of error one is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: March 23, 1994

Do Not Publish