TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00117-CR







Ollie Berry, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0933671, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of attempted murder. Act of May 8, 1975, 64th Leg.,
R.S., ch. 203, § 4, 1975 Tex. Gen. Laws 476, 478 (Tex. Penal Code Ann. § 15.01, since
amended). The district court assessed punishment, enhanced by two previous felony convictions,
at imprisonment for forty years. Appellant's only point of error is that the evidence is legally
insufficient to sustain the conviction. 

 Michelle Presley lives across the street from LBJ High School in Austin. On the
afternoon of July 7, 1993, she noticed a car parked in the school parking lot with several people
inside. Around 6:00 p.m., Presley and her cousin, Faneicia Stewart, left Presley's house and
drove away with Presley's boyfriend, Quincy Reese, in Reese's car. The car Presley had seen
earlier that afternoon was still in the parking lot. Presley and Reese recognized appellant as the
driver. As Reese's car pulled away from Presley's house, appellant's car followed.

 With appellant in his car were Damion Dewitty, Terrence Clark, and Donald
Green. At least two of appellant's three passengers had a firearm. According to appellant's
statement to the police, he followed Reese's car at Green's request. A witness who was in a third
vehicle that was temporarily between the cars driven by appellant and Reese testified that the four
occupants of appellant's car were looking at Reese's car with "serious" expressions. This witness
also described the reckless manner in which appellant drove in order to overtake Reese. After
several blocks, appellant pulled his car beside Reese's. Several shots were fired into Reese's car
from the back seat of appellant's car. One bullet struck Presley in the head. After the shots were
fired, appellant rapidly drove away from the scene.

 Appellant contends the State failed to prove that he had the specific intent to kill. 
See Flanagan v. State, 675 S.W.2d 734, 741 (Tex. Crim. App. 1984) (opinion on rehearing)
(intent to kill is necessary element of attempted murder). While an intent to kill may be inferred
from the use of a deadly weapon, Id. at 744, it is undisputed that appellant did not fire the shot
that struck Presley.

 The district court instructed the jury on the law of parties. Tex. Penal Code Ann.
§§ 7.01, 7.02 (West 1994). The application paragraph of the court's charge authorized appellant's
conviction for attempted murder on a finding that "either acting alone or as a party, . . . with the
specific intent to commit the offense of murder, [he] did then and there attempt to cause the death
of an individual, Michelle Presley, by shooting her with a firearm." Appellant did not object to
the court's failure to more specifically apply the law of parties to the facts of the case and the
charge is sufficient to authorize appellant's conviction on the theory that he was criminally
responsible for the conduct of another. Chatman v. State, 846 S.W.2d 329, 332 (Tex. Crim.
App. 1993). 

 A person is criminally responsible for an offense committed by the conduct of
another if, acting with the intent to promote or assist the commission of the offense, he aids or
attempts to aid the other person to commit the offense. Pen. Code § 7.02(a)(2). In determining
whether a defendant participated in an offense as a party, the court may examine the events
occurring before, during, and after the commission of the offense, and may rely on actions of the
defendant which show an understanding and common design to commit the offense. Burdine v.
State, 719 S.W.2d 309, 315 (Tex. Crim. App. 1986).

 In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). Appellant
and his companions were repeatedly seen outside Presley's house on the afternoon in question. 
Appellant knew that Green and Dewitty were armed with pistols. When Presley, Stewart, and
Reese left Presley's house and drove away, appellant and his companions followed. That this was
not mere coincidence is apparent from the deliberate manner in which appellant followed and
overtook Reese. After the shots were fired, appellant sped away. A rational trier of fact, viewing
this evidence in the light most favorable to the verdict, could find beyond a reasonable doubt that
one of appellant's passengers shot Presley with the intent to kill. The trier of fact could also
rationally find that appellant intentionally aided the commission of this offense. See Romo v.
State, 568 S.W.2d 298, 303-04 (Tex. Crim. App. 1978) (opinion on rehearing); Buitureida v.
State, 684 S.W.2d 133, 144 (Tex. App.--Corpus Christi 1984, pet. ref'd) (affirming convictions
as party to murder).

 Appellant's point of error is overruled and the judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: May 17, 1995

Do Not Publish