# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## SUPPLEMENTAL OPINION ON MOTION FOR REHEARING

### NO. 03-00-00126-CR

**Michael Highfill, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
### NO. 0983143, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

We grant appellant's motion for rehearing to address the contentions raised therein.

Appellant's first ground for rehearing is that this Court erred by concluding that the evidence is legally sufficient to sustain his conviction as a party to capital murder under penal code section 7.02(a)(2). Tex. Penal Code Ann. § 7.02(a)(2) (West 1994). Appellant repeats the arguments he made on original submission. We remain unpersuaded by these arguments, and continue to find the evidence sufficient for the reasons stated in our original opinion.

Next, appellant urges that we erred by concluding that the evidence is legally sufficient to sustain his conviction as a party to capital murder under penal code section 7.02(b). *Id*. § 7.02(b). Once again, appellant repeats the arguments he made on original submission, adding only that this Court's interpretation of section 7.02(b) is contrary to the rules of statutory construction. We have reconsidered our discussion of section 7.02(b), both as it relates to the sufficiency of the evidence

issue and as it relates to appellant's jury charge issues, and are satisfied that we correctly applied the statute.

In his third ground for rehearing, appellant complains that we failed to address his collateral estoppel argument. Appellant advanced this argument in support of his contention that the district court erred by authorizing his conviction on the conspiracy theory of parties liability. *See id.* Appellant argued that section 7.02(b) should not have been submitted to the jury because Rebecca Walton, the person who actually shot Luis Flores, "was acquitted of every theory of capital murder, including the conspiratorial one." He added that "the existence of a conspiracy was also settled in Walton's trial and was precluded as a matter of collateral estoppel."

The collateral estoppel doctrine bars relitigation between the same parties of issues actually determined at a previous trial. *Ashe v. Swenson*, 397 U.S. 436, 442 (1970); *Ex parte Tarver*, 725 S.W.2d 195, 198 (Tex. Crim. App. 1986). Appellant was not a party to Walton's trial. And as we noted on original submission, the record before us does not show that the jury at Walton's trial necessarily found that she did not conspire with appellant to rob Flores. *See Ashe*, 397 U.S. at 444; *State v. Sauceda*, 980 S.W.2d 642, 647 (Tex. Crim. App. 1998). Appellant's collateral estoppel argument is without merit.

In his fourth ground for rehearing, appellant criticizes our handling of his contentions that he was entitled to a jury instruction on "independent impulse" and that his trial attorneys were ineffective for failing to request the instruction. These issues are moot in light of *Solomon v. State*, No. 73,459, slip op. at 17, 2001 Tex. Crim. App. LEXIS 49, at *28 (Tex. Crim. App. June 20, 2001) (no "independent impulse" defense; charge tracking section 7.02(b) is sufficient). We will nevertheless address appellant's complaints because they misstate our original opinion.

2

We did not hold, as appellant asserts, that he was not entitled to an "independent impulse" instruction because there was no evidence that he conspired with Walton to rob Flores. Instead, we held that there was no evidence that the murder of Flores was not committed in furtherance of the conspiracy, or that the murder should not have been anticipated by appellant. The "independent impulse" defense presupposed a conspiracy between the defendant and the other party. *See Mayfield v. State*, 716 S.W.2d 509, 513 (Tex. Crim. App. 1986). Evidence that appellant did not conspire with Walton did not raise the issue.

As to trial counsel's failure to request the "independent impulse" instruction, we did not state that this may have been a strategic decision. To the contrary, we noted counsel's testimony at the new trial hearing disclaiming any strategic rationale for not requesting the instruction. We held the failure to request the instruction was not ineffectiveness because the issue was not raised by the evidence. Our statement that "[c]ounsel could have reasonably concluded that it would be inconsistent with this defense strategy to request instructions implicitly admitting appellant's active involvement in the capital murder," cited by appellant in his motion for rehearing, was made in reference to appellant's contention that his attorneys were ineffective for failing to request jury instructions on mistake of fact and duress. As we stated on original submission, appellant's trial attorneys were not asked at the new trial hearing why they did not request these instructions.

Finally, appellant asserts that we "ignore[d] virtually every argument Appellant advanced throughout his brief" by concluding that the district court's failure to apply the law of parties to the facts of the case benefitted appellant. This assertion misstates both the record and our original opinion. The district court did apply the law of parties to the facts of the case by first instructing the jury on the abstract law of parties, then authorizing appellant's conviction if the jury

3

found that he murdered Flores "either acting alone or with another or others as a party to the offense, as that term is hereinbefore defined." *See Chatman v. State*, 846 S.W.2d 329, 332 (Tex. Crim. App. 1993). We stated in our original opinion that there was no evidence in the record as to why counsel did not request a more detailed or explicit application of the law to the facts (appellant's real complaint). We also noted that because the law of parties enlarges the defendant's liability, it has been suggested that it is to the defendant's benefit not to have this theory more specifically delineated in the application paragraph. *See Romo v. State*, 568 S.W.2d 298, 302 (Tex. Crim. App. 1978) (op. on reh'g). Appellant's protestations of harm notwithstanding, neither his original brief nor his motion for rehearing offers any explanation as to how he would have benefitted from a more detailed application of the law of parties. Appellant simply failed to overcome the strong presumption that counsel rendered reasonable professional assistance. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

With this additional discussion, we again overrule each of appellant's points of error on appeal.

Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Filed: July 26, 2001

Do Not Publish

4