TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






SUPPLEMENTAL OPINION ON MOTION FOR REHEARING









NO. 03-00-00126-CR






Michael Highfill, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT


NO. 0983143, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING






We grant appellant's motion for rehearing to address the contentions raised therein.

Appellant's first ground for rehearing is that this Court erred by concluding that the
evidence is legally sufficient to sustain his conviction as a party to capital murder under penal code
section 7.02(a)(2). Tex. Penal Code Ann. § 7.02(a)(2) (West 1994). Appellant repeats the
arguments he made on original submission. We remain unpersuaded by these arguments, and
continue to find the evidence sufficient for the reasons stated in our original opinion.

Next, appellant urges that we erred by concluding that the evidence is legally
sufficient to sustain his conviction as a party to capital murder under penal code section 7.02(b). Id.
§ 7.02(b). Once again, appellant repeats the arguments he made on original submission, adding only
that this Court's interpretation of section 7.02(b) is contrary to the rules of statutory construction. 
We have reconsidered our discussion of section 7.02(b), both as it relates to the sufficiency of the
evidence issue and as it relates to appellant's jury charge issues, and are satisfied that we correctly
applied the statute.

In his third ground for rehearing, appellant complains that we failed to address his
collateral estoppel argument. Appellant advanced this argument in support of his contention that the
district court erred by authorizing his conviction on the conspiracy theory of parties liability. See
id. Appellant argued that section 7.02(b) should not have been submitted to the jury because
Rebecca Walton, the person who actually shot Luis Flores, "was acquitted of every theory of capital
murder, including the conspiratorial one." He added that "the existence of a conspiracy was also
settled in Walton's trial and was precluded as a matter of collateral estoppel."

The collateral estoppel doctrine bars relitigation between the same parties of issues
actually determined at a previous trial. Ashe v. Swenson, 397 U.S. 436, 442 (1970); Ex parte Tarver,
725 S.W.2d 195, 198 (Tex. Crim. App. 1986). Appellant was not a party to Walton's trial. And as
we noted on original submission, the record before us does not show that the jury at Walton's trial
necessarily found that she did not conspire with appellant to rob Flores. See Ashe, 397 U.S. at 444;
State v. Sauceda, 980 S.W.2d 642, 647 (Tex. Crim. App. 1998). Appellant's collateral estoppel
argument is without merit. 

In his fourth ground for rehearing, appellant criticizes our handling of his contentions
that he was entitled to a jury instruction on "independent impulse" and that his trial attorneys were
ineffective for failing to request the instruction. These issues are moot in light of Solomon v. State,
No. 73,459, slip op. at 17, 2001 Tex. Crim. App. LEXIS 49, at *28 (Tex. Crim. App. June 20, 2001)
(no "independent impulse"defense; charge tracking section 7.02(b) is sufficient). We will
nevertheless address appellant's complaints because they misstate our original opinion. 

We did not hold, as appellant asserts, that he was not entitled to an "independent
impulse" instruction because there was no evidence that he conspired with Walton to rob Flores. 
Instead, we held that there was no evidence that the murder of Flores was not committed in
furtherance of the conspiracy, or that the murder should not have been anticipated by appellant. The
"independent impulse" defense presupposed a conspiracy between the defendant and the other party. 
See Mayfield v. State, 716 S.W.2d 509, 513 (Tex. Crim. App. 1986). Evidence that appellant did
not conspire with Walton did not raise the issue.

As to trial counsel's failure to request the "independent impulse" instruction, we did
not state that this may have been a strategic decision. To the contrary, we noted counsel's testimony
at the new trial hearing disclaiming any strategic rationale for not requesting the instruction. We
held the failure to request the instruction was not ineffectiveness because the issue was not raised
by the evidence. Our statement that "[c]ounsel could have reasonably concluded that it would be
inconsistent with this defense strategy to request instructions implicitly admitting appellant's active
involvement in the capital murder," cited by appellant in his motion for rehearing, was made in
reference to appellant's contention that his attorneys were ineffective for failing to request jury
instructions on mistake of fact and duress. As we stated on original submission, appellant's trial
attorneys were not asked at the new trial hearing why they did not request these instructions. 

Finally, appellant asserts that we "ignore[d] virtually every argument Appellant
advanced throughout his brief" by concluding that the district court's failure to apply the law of
parties to the facts of the case benefitted appellant. This assertion misstates both the record and our
original opinion. The district court did apply the law of parties to the facts of the case by first
instructing the jury on the abstract law of parties, then authorizing appellant's conviction if the jury
found that he murdered Flores "either acting alone or with another or others as a party to the offense,
as that term is hereinbefore defined." See Chatman v. State, 846 S.W.2d 329, 332 (Tex. Crim. App.
1993). We stated in our original opinion that there was no evidence in the record as to why counsel
did not request a more detailed or explicit application of the law to the facts (appellant's real
complaint). We also noted that because the law of parties enlarges the defendant's liability, it has
been suggested that it is to the defendant's benefit not to have this theory more specifically
delineated in the application paragraph. See Romo v. State, 568 S.W.2d 298, 302 (Tex. Crim. App.
1978) (op. on reh'g). Appellant's protestations of harm notwithstanding, neither his original brief
nor his motion for rehearing offers any explanation as to how he would have benefitted from a more
detailed application of the law of parties. Appellant simply failed to overcome the strong
presumption that counsel rendered reasonable professional assistance. See Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994).

With this additional discussion, we again overrule each of appellant's points of error
on appeal.



 

 Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Filed: July 26, 2001

Do Not Publish



es of issues
actually determined at a previous trial. Ashe v. Swenson, 397 U.S. 436, 442 (1970); Ex parte Tarver,
725 S.W.2d 195, 198 (Tex. Crim. App. 1986). Appellant was not a party to Walton's trial. And as
we noted on original submission, the record before us does not show that the jury at Walton's trial
necessarily found that she did not conspire with appellant to rob Flores. See Ashe, 397 U.S. at 444;
State v. Sauceda, 980 S.W.2d 642, 647 (Tex. Crim. App. 1998). Appellant's collateral estoppel
argument is without merit. 

In his fourth ground for rehearing, appellant criticizes our handling of his contentions
that he was entitled to a jury instruction on "independent impulse" and that his trial attorneys were
ineffective for failing to request the instruction. These issues are moot in light of Solomon v. State,
No. 73,459, slip op. at 17, 2001 Tex. Crim. App. LEXIS 49, at *28 (Tex. Crim. App. June 20, 2001)
(no "independent impulse"defense; charge tracking section 7.02(b) is sufficient). We will
nevertheless address appellant's complaints because they misstate our original opinion. 

We did not hold, as appellant asserts, that he was not entitled to an "independent
impulse" instruction because there was no evidence that he conspired with Walton to rob Flores. 
Instead, we held that there was no evidence that the murder of Flores was not committed in
furtherance of the conspiracy, or that th