Affirmed and Memorandum Opinion filed September 25, 2008








Affirmed and Memorandum Opinion filed September 25, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00381-CR

_______________

 

CHRIS TURAN HAWKINS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                                

On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 1112966

                                                                                                                                                

 

M E M O R A N D U M   O P I N I O N

A jury
convicted appellant Chris Turan Hawkins of aggravated robbery and sentenced him
to thirty-five years confinement in the Texas Department of Criminal Justice,
Institutional Division.  In two issues, appellant challenges his conviction 
because of alleged error in the jury charge.  We affirm.

I.  Factual and Procedural Background

Appellant
has not challenged the sufficiency of the evidence. Therefore we briefly
discuss the facts  here and throughout the opinion as necessary  to address
appellant=s issues. 








On September
6, 2006, Johnna Sipes, the office manager at Eurway Furniture on Eldridge
Street in Houston, walked towards her vehicle in the parking lot of the store
to take the deposits from the previous weekend to the bank.  She was carrying a
variety of deposit envelopes inside a larger manilla envelope.  As she
approached her vehicle, a white car pulled up behind her; an armed gunman
wearing a hood, hat, and glasses approached her.  He pointed the gun at her and
ordered her to give him her bag, her purse, and her keys, and then told her to
lay down on the ground.  Sipes feared that the gunman would shoot her, so she
gave him the large manilla envelope, her purse, and her keys, and lay down on
the ground.  The gunman then sprayed her with Mace and got into the passenger
side of the waiting vehicle.  The driver of the white car sped away from the
parking lot.  Sipes ran inside the furniture store yelling for help.

Sipes=s boss, Gary Greeson, saw the white
car leaving the parking lot.  After Sipes told him she had been robbed, he got
into his car and followed the white car, which had no license plates.  Greeson
called 911 while following the car.  After following the white car for a few
blocks, Greeson was able to get the attention of a police officer in a marked
patrol vehicle who then got behind the white car.  Once the officer turned on
his emergency lights, the driver of the white car accelerated instead of
pulling over.  A high-speed chase ensued, with the driver of the white car
speeding through several traffic signals without stopping.  Police officers
pursued the car to an apartment complex, where officers observed appellant, who
had been driving the vehicle, and an unknown passenger simultaneously Abail out@ of the car and run away.








An
officer chased appellant, who tossed a pistol into some bushes while fleeing on
foot.  Eventually, appellant was apprehended when he tripped and fell while
attempting to cross a nearby street.  When officers picked appellant up from
the ground, there was a large amount of cash in the street under appellant and
on his person.  Over $3,500.00 was recovered from appellant; the total amount
of cash stolen from Sipes was approximately $7,200.00.  The unknown passenger
in appellant=s vehicle was never apprehended by police officers.

At
trial, appellant relayed the events leading up to and following the aggravated
robbery.  He testified that he picked up an unknown man who asked for a ride to
pick up his house keys and a check from his wife.[1] 
This unknown person directed appellant to the furniture store, where he told
appellant to pull up behind a female who had exited the building.  Appellant=s passenger then got out of the car,
leaving the door open.  Appellant explained that he did not see what his
passenger did in the parking lot of the furniture store because he was looking
through his CD collection and trying to put some cell phone numbers into his
cell phone.  According to appellant, he could not hear what was happening
outside his car, even though the passenger=s door was open, because he was
playing music at a very high volume.[2]  When
appellant=s passenger got back into the car, he pointed a gun at appellant and
ordered appellant to Adrive.@  Afraid for his life, appellant pulled out of the parking
lot in a careful and safe manner.[3]  He stated
that he asked his armed passenger to let him out, but his passenger refused.








Appellant
testified that when he saw a police car behind him, he attempted to pull into a
gas station,[4] but his
passenger would not allow him to do so.  According to appellant, his passenger
directed him to the apartment complex.  Appellant testified that he drove as
carefully as he could and did not accelerate when he saw the police car behind
him.  He stated that he did not drive over 70 miles per hour  and did not run
through any traffic lights.  According to appellant, when they arrived at the
apartment complex and came to a stop, his passenger got out first, leaving some
money and the gun in the car.  Because he was not Athinking clearly,@ appellant grabbed the gun and the
money before he exited his car.  He testified that he ran from the police
because he was afraid the officers would shoot him.  Appellant explained that
he had nothing to do with the robbery, and he never  would have picked up his
passenger if he had known what this individual planned to do.  Appellant also
stated that he tried to tell the officers who apprehended him that he was a
victim, but no one would listen to him.[5]  

After
both sides rested, the trial court denied appellant=s requested instruction on duress. 
Appellant also objected to the inclusion of an instruction on the law of
parties, which was overruled by the trial court.  The jury found appellant
guilty of aggravated robbery as charged in the indictment and assessed
punishment at thirty-five years confinement in the Texas Department of Criminal
Justice, Institutional Division. The trial court sentenced appellant
accordingly, and this appeal timely ensued.

II.  Issues Presented

In his
first issue, appellant contends the trial court erred in refusing to include an
instruction on duress in the jury charge  during the  guilt-innocence phase.  In
his second issue, appellant asserts the trial court erred in submitting an
improper instruction on the law of parties in the jury charge.








III.  Analysis

A.        Standard of Review

When
reviewing allegations of charge error, an appellate court must first determine
whether charge error actually occurred.  Ngo v. State, 175 S.W.3d 738,
743 (Tex. Crim. App. 2005) (en banc).  If error is found, the court must
determine whether the trial court=s error caused harm sufficient to
require reversal.  Id.  The degree of harm required for reversal depends
on whether the error was preserved.  Arline v. State, 721 S.W.2d 348,
351 (Tex. Crim. App. 1986) (en banc).  If no proper objection was made at
trial, we will reverse only if the error was so egregious and created such harm
that the appellant has not had a fair and impartial trial.  Almanza v. State,
686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (en banc) (op. on reh=g).  When there is a timely objection
to an improper jury charge, on the other hand, we will reverse unless the error
was harmless.  Id.

B.        Duress Instruction

As noted
above, appellant=s request for an instruction on the affirmative defense of
duress was denied by the trial court.  An accused has the right to an
instruction on any defensive issue raised by the evidence, whether the evidence
is weak or strong, unimpeached or contradicted, and regardless of what the
trial court may think about the credibility of the defense.  Granger v.
State, 3 SW.3d 36, 38 (Tex. Crim. App. 1999).  The defense of duress
applies when a defendant Aengaged in the proscribed conduct because he was compelled to
do so by threat of imminent death or serious bodily injury to himself . . . .@  Tex.
Penal Code Ann. ' 8.05(a) (Vernon 2003).  Appellant argues that his testimony
about the unknown passenger in his vehicle who robbed Sipes and forced him at
gunpoint to flee the scene of the robbery entitled him to an instruction on the
defense of duress.  We disagree.








To
assert the defense of duress, the defendant must admit to committing the
proscribed conduct.   See id. (Aactor engaged in the proscribed
conduct@) (emphasis added); see also Anguish v. State, 991 S.W.2d 883, 885
(Tex. App.CHouston [1st Dist.] 1999, pet. ref=d) (ATherefore, a defendant who claims
duress must establish that the threatened harm was conditioned on his
committing the charged offense, as opposed to some other offense.@); Bernal v. State, 647 S.W.2d
699, 706 (Tex. App.CSan Antonio 1982, no pet.) (concluding that a defendant was
not entitled to a duress instruction because he denied having participated in
the offense).  Here, rather than alleging that he was forced to commit the
robbery because of his passenger=s threat, appellant=s theory at trial was that he was
misled by his passenger into driving this passenger to the scene of the crime. 
Appellant further claimed that he was not aware that his passenger was robbing
Sipes until after the offense was committed.[6] 
Thus, appellant was not entitled to an instruction on duress for the charged
offense of aggravated robbery.  Because the trial court did not err in denying
his request for this instruction, we overrule his first issue.

C.        Instruction on the Law of
Parties








At
trial, appellant objected to the submission of a jury instruction on the law of
the parties as follows: AI object to the submission of the parties instruction based
upon there is no evidence that Mr. Hawkins did intend to promote or assist the
commission of the offense, solicit, encourage, direct, aid or attempt to aid
the other person to commit the offense.  There=s no evidence.@  On appeal, however, appellant
asserts that the charge was improperly worded because the application paragraph
did not adequately apply the law of parties to the facts of the case.  Because
appellant=s objection at trial does not comport with his complaint on appeal,[7]
we will treat this issue as one of unobjected-to charge error.  Thus, we must
reverse only if we determine that the alleged error resulted in egregious
harm.  Cf. Bluitt v. State, 137 S.W.3d 51, 53 (Tex. Crim. App. 2004)
(holding that an affirmative denial of an objection is equivalent to failure to
object and reversal for such error is only proper when it resulted in egregious
harm); Webber v. State, 29 S.W.3d 226, 235B36 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d) (same).  First, however, we must
determine whether error actually exists in the charge.  Ngo, 175 S.W.3d
at 743.  

When, as
here, there is no evidence to support  a submission that the accused was the
primary actor, an instruction on the law of parties should be submitted and
made applicable to the facts.  Reyes v. State, 741 S.W.2d 414, 424 (Tex.
Crim. App. 1987) (en banc).  The trial court charged the jury as follows:

All persons
are parties to an offense who are guilty of acting together in the commission
of the offense.  A person is criminally responsible as a party to an offense if
the offense is committed by his own conduct, by the conduct of another for
which he is criminally responsible, or by both.

A person is
criminally responsible for an offense committed by the conduct of another if,
acting with intent to promote or assist the commission of the offense, he
solicits, encourages, directs, aids, or attempts to aid the other person to
commit the offense.  Mere presence alone will not constitute one a party to an
offense.

. . .








[I]f you
find from the evidence beyond a reasonable doubt that . . . an unknown person[]
did then and there unlawfully, while in the course of committing theft of
property owned by Johnna Sipes and with intent to obtain or maintain control of
the property, intentionally or knowingly threaten or place Johnna Sipes in fear
of imminent bodily injury or death, and the unknown person did then and there
use or exhibit a deadly weapon, to wit: a firearm, and that the defendant . . .
with the intent to promote or assist the commission of the offense, if any,
solicited, encouraged, directed, aided or attempted to aid the unknown person .
. . to commit the offense, if he did, then you will find the defendant guilty
of aggravated robbery, as charged in the indictment.

Contrary
to appellant=s assertions, the application paragraph in this charge applies the law of
parties to the facts of the case.[8]  See
Chatman v. State, 846 S.W.2d 329, 332 (Tex. Crim. App. 1993) (en banc)
(concluding that general application of law of parties to facts was
sufficient); Brown v. State, 716 S.W.2d 939, 942 (Tex. Crim. App. 1986)
(en banc) (AThis is not a case where the court charged only on the abstract law of
parties with no charge applying the law of the parties to the facts.  Here the
court did apply the law of parties to the facts.@).  We therefore conclude that the
trial court did not erroneously instruct the jury on the law of parties and
overrule appellant=s second issue.

IV.  Conclusion

Having
overruled each of appellant=s issues, we affirm the judgment of the trial court.

 

 

/s/        Eva M. Guzman

Justice

 

 

Judgment rendered and Memorandum
Opinion filed September 25, 2008.

Panel consists of Justices Frost,
Seymore, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]  Appellant
explained that he often picked up homeless people to help him clean up a night
club he manages.





[2]  Sipes
testified that she did not hear any loud music coming from appellant=s vehicle.





[3]  Appellant had
no explanation when questioned about how his passenger managed to open the
deposit envelopes and take out the cash, while still pointing the gun at
appellant.  He stated he could not remember clearly exactly what happened
because he was fearful and trying to pay attention to the road.





[4]  The officer
following appellant testified that he did not see appellant=s alleged attempt to pull into the gas station;
instead, appellant accelerated away from him as soon as he activated his
emergency lights.





[5]  According to
one of the officers assigned to investigate the robbery, appellant refused to
speak to her and never said he was a victim or that he was held hostage by his
passenger.  Additionally, one of the officers involved in the chase and
subsequent apprehension of appellant testified that appellant never told the
officers he was a victim.





[6]  Appellant
admits as much in his brief:

Appellant
testified at trial that he was forced by another individual, the gunman who
actually committed the robbery in question, to drive the man away from the scene. 
This testimony provided the evidence that [a]ppellant was first misled by
the man into believing he was merely retrieving his paycheck, then compelled to
assist him in making his Agetaway[.]@ (emphasis added.)





[7]  Ordinarily,
when a complaint on appeal does not comport with the trial objection, nothing
is presented for our review.  See Gallo v. State, 239 S.W.3d 757, 768
(Tex. Crim. App. 2007).





[8]  Appellant
additionally relies on a case in which the Court of Criminal Appeals concluded
that the trial court=s failure to apply the law of parties to the facts of
the case did not amount to fundamental error.  See Bilbrey v. State, 594
S.W.2d 754, 756 (Tex. Crim. App. [Panel Op.] 1980).