IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00385-CR

 

Leslie Kay Klemansky,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 19th District
Court

McLennan County, Texas

Trial Court No. 2010-769-C1

 



MEMORANDUM  Opinion










 

            Leslie Kay Klemansky appealed
her convictions for one count of sexual assault of a child and two counts of
sexual performance of a child.  A motion to dismiss the appeal has now been
filed.  Klemanksy personally signed the motion to dismiss.

            Accordingly, the appeal is
dismissed.  Tex. R. App. P.
42.2(a).

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

 

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Appeal
dismissed 

Opinion
delivered and filed May 18, 2011

Do
not publish 

[CR25]






ding Anna Vernetti’s death. A jury convicted Degrate and assessed punishment at fifty-three years in prison. 
      One of Degrate’s defenses was that the Vernettis caused their own deaths by failing to stop
at a stop sign, instead pulling in front of Degrate’s speeding car, and by not wearing their
seatbelts. The Penal Code provides for this defensive theory.
§ 6.04. Causation: Conduct and Results
(a) A person is criminally responsible if the result would not have occurred but for his
conduct, operating either alone or concurrently with another cause, unless the concurrent
cause was clearly sufficient to produce the result and the conduct of the actor clearly
insufficient.
            (b) . . .
Tex. Pen. Code Ann. § 6.04 (Vernon 1994). On appeal, Degrate’s single issue is that the
substance of this theory of law should have been included in the application paragraph of the
charge. This complaint was not preserved at trial. Tex. R. App. P. 33.1. Nevertheless, we must
review for “egregious harm.” E.g., Huizar v. State, 12 S.W.3d 479, 484-85 (Tex. Crim. App.
2000). 
Error Analysis
      The function of a jury charge in a criminal trial is to instruct the jury on the law applicable
to the case. Dinkins v. State, 894 S.W.2d 330, 339 (Tex. Crim. App. 1995). The charge consists
of the abstract portion and the application paragraph or paragraphs. Id.; Plata v. State, 926
S.W.2d 300, 302 (Tex. Crim. App. 1996). The abstract portion “serve[s] as a kind of glossary
to help the jury understand the meaning of concepts and terms used in the application paragraphs
of the charge.” Plata, 926 S.W.2d at 302. The application paragraph applies the law to the facts,
and asks an ultimate question of the jury about whether the defendant is guilty. Plata, 926 S.W.2d
at 302-03; Doyle v. State, 631 S.W.2d 732, 736-37 (Tex. Crim. App. 1982). Thus the
relationship between the two is that definitions (and instructions) in the abstract portion are like
words in a dictionary; their true and correct meaning is not shown until they are properly used in
a sentence, i.e., in the application paragraph. Doyle, 631 S.W.2d at 737. 
      When, as here, a definition or instruction is given in the abstract portion of the charge
concerning a theory of law, the charge must “either contain[] an application paragraph specifying
all of the conditions to be met before a conviction under such theory is authorized, or contain[]
an application paragraph authorizing a conviction under conditions specified by other paragraphs
of the jury charge to which the application paragraph necessarily and unambiguously refers, or
contain[] some logically consistent combination of such paragraphs.” Plata, 926 S.W.2d at 304
(application paragraph defective which did not refer to instructions on vicarious criminal
responsibility); e.g., Dinkins, 894 S.W.2d at 339 (application paragraph not defective which
referred to “murder,” which, as defined in the abstract portion, required the act to be intentionally
or knowingly done); Chatman v. State, 846 S.W.2d 329, 332 (Tex. Crim. App. 1993) (application
paragraph not defective which referred the jury to instructions on vicarious criminal
responsibility); Doyle, 631 S.W.2d at 735 (conviction is fatally defective when required elements
of the offense are omitted from the application paragraph); but see Barrera v. State, 982 S.W.2d
415, 417 (Tex. Crim. App. 1998) (citing Malik v. State, 953 S.W.2d 234 (Tex. Crim. App.
1997)) (importance of the application paragraph may be in decline). “Jurors should not be
required and expected, and they are not under our law, to put together pieces of what may appear
to them to be a jigsaw puzzle to determine which elements must be proved in order to find that the
defendant committed the offense which he was charged with committing.” Doyle, 631 S.W.2d
at 737 (emphasis in original). In the application paragraph, the court must apply the law to the
facts for the jury’s benefit. Id. But the application paragraph need not apply general instructions
or the definitions of terms to the facts. Clark v. State, 929 S.W.2d 5, 10 (Tex. Crim. App. 1996).
      Finally, errors concerning the application paragraph are not of constitutional dimension. 
Therefore, they are reviewed under article 36.19, as applied in Almanza v. State, 686 S.W.2d 157
(Tex. Crim. App. 1984) (op’n on reh’g). Barrera, 982 S.W.2d at 417; contra Doyle, 631 S.W.2d
at 738 (charge errors implicate constitutional rights).
      The jury charge here contained a correct instruction of causation according to section 6.04
of the Penal Code; the charge read:
Under our law a person is criminally responsible if the result would not have occurred, but
for his conduct, operating either alone or concurrently with another cause, unless the
concurrent cause was clearly sufficient to produce the result and the conduct of the actor was
clearly insufficient to produce the result. 

However, the application paragraph made no reference to this defensive theory: 
Now, if you find from the evidence beyond a reasonable doubt that on or about the 28th day
of April, 2000, in McLennan County, Texas, the defendant, Gregory Degrate, did then and
there recklessly cause the death of an individual, namely, Anna Vernetti, by operating a
motor-vehicle at a speed excessive under the circumstances and strike another motor-vehicle
thereby causing the said Anna Vernetti to be ejected and resulting in the death of Anna
Vernetti, then you will find the defendant, Gregory Degrate, guilty of the offense of
Manslaughter, as alleged in the indictment. 

Therefore, the application paragraph was defective. Plata, 926 S.W.2d at 304.
Harm Analysis
      An unpreserved complaint about a charge error in a criminal case is an error which we must
review for “egregious harm.” Huizar, 12 S.W.3d at 484-85; Almanza, 686 S.W.2d at 171. 
Errors that result in egregious harm are those which affect “the very basis of the case,” deprive
the defendant of a “valuable right,” or “vitally affect a defensive theory.” Hutch v. State, 922
S.W.2d 166, 171 (Tex. Crim. App. 1996) (citing Almanza, 686 S.W.2d at 172). In deciding
whether there is egregious harm, we look to (1) the charge itself, (2) the state of the evidence,
including what issues were contested, and the weight of the probative evidence, (3) the arguments
of counsel, and (4) any other relevant information revealed by the record of the trial as a whole. 
Hutch, 922 S.W.2d at 171 (citing Bailey v. State, 867 S.W.2d 42, 43 (Tex. Crim. App. 1993)
(citing Almanza)).
      Degrate could have been acquitted only if the jury believed the Vernettis’ actions were clearly
sufficient to cause the wreck and Degrate’s conduct was clearly insufficient to cause the wreck. 
The evidence does not support these conclusions. The State’s accident reconstructionist testified
that Degrate was traveling at seventy miles an hour. The impact was so forceful that the Vernettis
were thrown from their pickup at impact and killed. Degrate’s only rebuttal evidence was
testimony from his passenger that he and Degrate were traveling the speed limit and that the
Vernettis pulled out in front of them. Furthermore, the defensive theory was presented to the jury
by the instruction in the charge, and it was argued to the jury by both parties. We do not find that
“the very basis of the case” was affected, that Degrate was deprived of a “valuable right,” or that
his defensive theory was “vitally affected.” Hutch, 922 S.W.2d at 171. Thus we do not find
“egregious harm.”
      We overrule Degrate’s issue and affirm the judgment.


                                                                   BILL VANCE
                                                                   Justice 

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed August 28, 2002
Publish
[CRPM]