**AFFIRMED; and Opinion Filed May 8, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

### No. 05-11-01065-CR

**ALEX ROBERT ROSALES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F10-72600-N**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Myers and Maloney[1]
Opinion by Justice Maloney

The jury convicted appellant of aggravated robbery and the trial court assessed a forty-eight year prison sentence. In one issue, appellant argues the trial court erred in submitting a jury charge that did not properly apply the law of parties to the facts of the case and such charge allowed the jury to convict appellant as a party to the offense of aggravated robbery. We affirm.

### THE EVIDENCE

The evidence shows the complainant met Jeanie Chavarria a couple of months before the offense occurred. Chavarria worked at a drive-through beer barn where the complainant bought beer. Although Chavarria and the complainant never dated, they became friends, exchanged telephone numbers, and talked two or three times a week.

---

[1] The Honorable Frances J. Maloney, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

On the day in question, Chavarria called the complainant around three or four o'clock in the afternoon. First, she asked what he was doing. He told her he was about to go pick up his paycheck at work. Then she said she would call later.

When Chavarria called back, she explained that she had fought with her boyfriend. She wanted to talk with someone, have a drink, and maybe spend the night with him. The complainant called her later, agreed to meet her, and asked where they would meet. Chavarria called the complainant back and told him that they would meet at a hotel and asked if he had a credit card because the hotel would require one.

At first, they were to meet on Lemmon Avenue. But, Chavarria called the complainant back, directed him to a different hotel, and asked him to bring a six-pack of Miller Lite with him. On his way to the hotel, the complainant picked up a six-pack for her and another six-pack for himself. Appellant picked up Chavarria and her luggage on a street corner and they checked into the hotel. At check in, she asked for two key cards which he thought was strange, but he did not question her.

When they got to the room, Chavarria attempted to open the window, but was unsuccessful. She turned on the television, told the complainant that she had left her luggage in the truck, and asked him if he would get it for her. He went to his truck, got her luggage, used his key card to open the door to the hotel room, shut the door, and put on the security latch. After they began watching television, he got up to go to the bathroom. When the complainant came out of the bathroom, he looked at the door, and saw that the security latch was no longer in the locked position.

As the complainant and Chavarria continued to watch television, Chavarria asked the complainant to get her a beer. After retrieving beers for both of them, the door to the hotel room opened normally as if with a key and appellant came through the door. A blue bandanna covered

–2–

his face, he wore blue shorts and a white T-shirt. Appellant pointed a gun at the complainant and demanded the complainant's money. Appellant looked angry, was yelling, and hit the complainant in the head with his gun. The complainant testified that his head bled and hurt. Appellant took the complainant's wallet, which contained a debit card, the complainant's identification, and $300 cash. Next, Chavarria started cutting the wires going to the television. Appellant told Chavarria to leave the television, that what they already had was enough. She picked up the complainant's cellular telephone and broke it and disabled the room telephone to stop the complainant from calling anyone.

As appellant left the room, the complainant stopped Chavarria to ask her why they had robbed him. Appellant came back into the room and hit the complainant a second time, causing him to fall against the wall. Chavarria then grabbed the room's telephone and threw it at the complainant, striking him. Fearing the hotel would charge him for the damage to the room, the complainant found a security guard and immediately reported the robbery to the desk clerk who contacted the police.

On the night in question, Steve Connel, a Dallas Police Officer and his partner were on their 11:00 p.m. to 7:00 a.m. patrol of hotels and businesses from Forest Lane south to Northwest Highway. They routinely drive the access road of Highway 75 and turn into the various parking lots. As they entered the Residence Inn parking lot, they saw a man and a woman running through the parking lot—the woman was dragging a suitcase. They got into a car and drove away and the officers continued on their route. Between thirty and forty-five minutes later, they received a radio message that someone had damaged a room and robbed a guest at one of the hotels. When the police returned to the hotel, they recognized Chavarria as the same woman they had seen earlier and detained her.

–3–

The complainant identified Chavarria as having been involved in the robbery. Shortly thereafter, the police apprehended appellant. The complainant was able to identify appellant because appellant's bandanna had slipped off during the robbery and the complainant recognized appellant by his tattoo. The police recovered a gun in the parking lot that contained DNA from both the complainant and appellant.

## DID THE TRIAL COURT ERR IN SUBMITTING A PARTIES ISSUE TO THE JURY?

Appellant contends that for a jury to convict him as a party, the jury charge must include the law of parties "in the application portion of the jury charge." He contends the trial court's abstract instructions, to which he objected at trial, were insufficient. Appellant contends that only Chavarria could have been considered a party. The complainant's testimony, if believed, showed appellant was the principal actor. Therefore, appellant contends, the trial court should have "specifically [applied] other facts would have made [a]ppellant guilty as someone who aided in the commission of the offense." Appellant contends the trial court's failure to include additional specific facts of his acts of aiding or assisting in commission of the aggravated robbery harmed him. He argues if the jury disbelieved the complainant's testimony, the charge as given left them to speculate on whether appellant performed some other act which would have amounted to aiding or assisting in the offense. The State did not file a brief to respond to appellant's argument.

## STANDARD OF REVIEW

A jury charge must inform the jury of the applicable law and guide the jurors in applying that law to the facts of the case. *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). We review the charge to determine (1) if error exists and (2) assuming error exists, whether appellant properly preserved that error. *Barrios v. State*, 283 S.W.2d 348, 350 (Tex. Crim. App. 2009). We reverse properly preserved error only if there is "some harm" to appellant. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). In considering whether the

defendant was harmed, we examine the entire jury charge, the state of the evidence, argument of counsel, and any other relevant information in the record. *Vasquez v. State*, 389 S.W.3d 361, 368–69 (Tex. Crim. App. 2012). A defendant demonstrates some harm if the error was calculated to injure the rights of the defendant or it appears from the record that the defendant did not receive a fair and impartial trial. *See* TEX. CODE CRIM. PROC. ANN. art. 36.19 (West 2006).

## APPLICABLE LAW

If a person commits an offense by his own conduct, by the conduct of another for which he is criminally responsible, or by both, then he is responsible as a party to the offense. TEX. PENAL CODE ANN. §7.01(a). Additionally, "[e]ach party to an offense may be charged with commission of the offense." *Id*. at §7.01(b). A person is criminally responsible for another's actions if he has the requisite intent to promote or assist in committing the offense and he "solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." *Id*. at §7.02(a).

In the application paragraph of a jury charge, the phrase "acting alone or as a party" generally applies the law of parties to the facts and allows the jury to find appellant guilty as the primary actor or as a party. *Chatman v. State*, 846 S.W.2d 329, 332 (Tex. Crim. App, 1993). If the evidence clearly supports guilt as a principal actor and the jury charge authorizes conviction for acting alone, any error in also charging on law of parties is harmless. *Ladd v. State*, 3 S.W.3d 547, 564 (Tex. Crim. App. 1999); *Black v. State*, 723 S.W.2d 674, 675 (Tex. Crim. App. 1986). It is sufficient only that the evidence compels that the appellant is guilty of every element of the alleged offense either as a principal or a party. *Leza v. State ,* 351 S.W.3d. 344, 357 (Tex Crim. App. 2011).

## APPLICATION OF LAW TO FACTS

The jury charge at issue correctly defines the circumstances under which one could be criminally responsible as a party. The application paragraph of the charge instructs the jury to convict appellant if the jury believes the evidence shows beyond a reasonable doubt that appellant committed the offense "acting alone, or as a party with another as that term has been defined by directing or aiding or attempting to aid another to commit the offense, did then and there . . . ." Any jury following this language could find appellant guilty as the principal or as a party. *See Chatman* , 846 SW2d at 332.

Even if the trial court erred in submitting the parties instruction, the evidence "clearly supports" appellant's guilt as a principal. *See Ladd*, 3 S.W.3d at 564. The evidence showed appellant was the person who threatened the complainant with a firearm, inflicted bodily injury on him, and demanded and took his money and property. Additionally, the jury found appellant guilty as charged in the indictment. The indictment contained no reference to appellant's acting as a party. Rather, it alleged appellant caused bodily injury to the complainant by striking him with a firearm, while in the course of committing theft—the elements of aggravated robbery. Nothing in the record shows any harm to appellant under the circumstances presented. We overrule appellant's sole issue.

We affirm the trial court's judgment.

/Frances Maloney/
FRANCES MALONEY
JUSTICE, ASSIGNED

Do Not Publish
TEX. R. APP. P. 47

111065F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ALEX ROBERT ROSALES, Appellant

No. 05-11-01065-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas

Trial Court Cause No. F10-72600-N.

Opinion delivered by Justice Maloney, Chief Justice Wright and Justice Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 8th day of May, 2013.

/Frances Maloney/

FRANCES MALONEY
JUSTICE, ASSIGNED