**Derwin LaThomas JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 1367–92.

Court of Criminal Appeals of Texas, En Banc.

May 17, 1995.

Barry McGee, Dallas, for appellant.

Bruce Isaacks, Dist. Atty., Kathleen A. Walsh, Sharon McGahee, Asst. Dist. Attys., Denton, Robert Huttash, State's Atty., Austin, for the State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

WHITE, Judge.

A jury convicted appellant of burglary of a vehicle. TEX.PENAL CODE ANN. § 30.04. After finding both of the enhancement allegations to be "true", the jury assessed appellant's punishment at confinement for thirty-five years in the Texas Department of Criminal Justice, Institutional Division. Appellant pursued a direct appeal.

Appellant argued on appeal that the evidence at trial was insufficient to support the jury's verdict of guilty. Appellant explained that his indictment did not allege that he was a party to the instant offense. He contended

the jury charge failed to include the law of parties in the paragraph applying the law to the facts of the case. Appellant concluded the evidence was insufficient to support the verdict because there was no evidence showing he alone was the principal actor in the commission of the instant offense. The Court of Appeals agreed and reversed appellant's conviction, ordering that he be acquitted.[1] *Jackson v. State*, No. 2–90–060–CR (Tex.App.—Fort Worth, July 15, 1992). The State petitioned this Court to review the Court of Appeals' decision. This Court voted to grant the State's petition.

The State asserts the Court of Appeals erred when it held "the charge authorizing the jury to convict the appellant under the law of parties was insufficient." The State points out that appellant did not object at trial to the failure of the application paragraph to apply the law of parties to the facts of the instant case. The State argues the charge to the jury contained a paragraph following the application paragraph which set out the law of parties as it related to the instant case. The State concludes the evidence at trial was sufficient to convict appellant as a party to the instant offense. We will reverse the decision of the Court of Appeals.

The State was unable to prove at trial that appellant was the primary actor in the commission of the instant offense. A witness testified she saw a black male remove the T-tops from a Corvette and put them in a silver Lincoln Continental driven by another black male. This witness contacted the owner of the Corvette and gave her a description of the Continental and its license plate number. The witness could not identify the man who was driving the Continental or the man who she saw removing the T-tops. The owner of the Corvette called the police, reporting the crime and giving the police the information provided by the witness. Soon after this call, the police stopped the Continental and apprehended appellant. At the time of the arrest, appellant was driving the Continental.

---

1. Due to this disposition of appellant's first point of error before it, the Court of Appeals did not address the other two points of error raised by appellant on direct appeal.

During an inventory of the Continental, the police found the stolen Corvette T-tops in the trunk of the Continental.

In the indictment against appellant, the State alleged:

"that DERWIN LATHOMAS JACKSON, who is hereafter styled defendant, on or about the first day of July, A.D., 1989 and anterior to the presentment of this Indictment, in the county and state aforesaid, did then and there intentionally and knowingly, without the effective consent of Peggy Stanley, the owner thereof, break into and enter a vehicle and a part thereof with intent to commit theft;"

The State did not allege in the indictment that appellant was a party to the commission of the instant offense.

In its charge to the jury, the trial court instructed them on the application of the law to the facts of the instant case as alleged in the indictment and on the law of parties as it applied to the instant case. It did so in several paragraphs. The trial court presented them as follows:

"Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, DERWIN LATHOMAS JACKSON, did, in Denton County, Texas, on or about the 1st day of July, 1989, then and there intentionally or knowingly, without the effective consent of Peggy Stanley, the owner thereof, break into or enter a vehicle or a part thereof with intent to commit theft, then you will find the defendant guilty of Burglary of a Motor vehicle as charged in the indictment;

"If you do not believe, or if you have a reasonable doubt thereof, you will find the defendant not guilty.

"You are further instructed that an indictment is no evidence of guilt. Therefore, you are instructed in this case that the indictment herein shall not be considered by the jury as any evidence of guilt, if any.

"A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, or by the conduct of another for which he is criminally responsible, or both. Each party to an offense may be charged with the commission of the offense.

"Mere presence alone will not make a person a party to an offense. A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, or encourages or directs or aids or attempts to aid the other person to commit the offense.

"Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, either by his own conduct, or acting with intent to promote or assist the commission of the offense, solicited, encouraged, directed, aided or attempted to aid another to commit an offense, and said other person did commit the offense, you will find the defendant guilty of said offense.

"If you do not so believe, or if you have a reasonable doubt thereof, you will find the defendant not guilty."

 The indictment sufficiently and accurately charged appellant with the instant offense. The State did not need to indict appellant as a party to the commission of the burglary of the Corvette in order for the jury to convict him for being a party to that offense. The "law of parties may be applied to a case even though no such allegation is contained in the indictment." This rule applies to the law of parties as it is set out in both TEX.PENAL CODE ANN. § 7.02(a)(2) and in § 7.02(b). *Montoya v. State*, 810 S.W.2d 160, at 165 (Tex.Cr.App.1989); and cases cited therein.

 The sufficiency of the evidence in the instant case must be measured against the level of proof set forth in the trial court's instructions to the jury. This Court reflected on this standard of review in *Fisher v. State*, 887 S.W.2d 49 (Tex.Cr.App.1994). Citing *Benson v. State*, 661 S.W.2d 708 (Tex.Cr. App.1982), cert. denied 467 U.S. 1219, 104

S.Ct. 2667, 81 L.Ed.2d 372 (1984), this Court explained that the *Jackson v. Virginia* standard "must be applied to the evidence and to a correct charge that corresponds to the indictment allegations." While the "indictment is directed to the defendant for notice and jurisdiction requirements", it "is the charge that convicts." *Fisher v. State,* 887 S.W.2d at 53; quoting *Benson v. State,* 661 S.W.2d, at 715.

In *Boozer v. State,* 717 S.W.2d 608 (Tex.Cr. App.1984) this Court dealt with a charge that erroneously set out an instruction on corroboration of accomplice witness testimony. Because the charge was erroneous as to a matter that "was not and need not have been pled in the indictment", the sufficiency of the evidence was properly reviewed under the level of proof set down in the charge. See *Fisher v. State,* 887 S.W.2d at 53.

This is the situation in the instant case. The dispute concerns whether or not the charge properly applied the theory of parties to the facts before the jury. As pointed out above, the theory of parties need not be pled in an indictment. *Montoya v. State,* supra. The sufficiency of the evidence to convict appellant should be measured against the charge.

The Court of Appeals set out to do this in the proper manner. First, they determined whether the trial court's charge was legally proper or contained error. They then determined whether sufficient evidence was admitted at trial to convict appellant of the elements of the crime as set out in the charge. See *Chatman v. State,* 846 S.W.2d 329, n. 1 at 331 (Tex.Cr.App.1993).

The Court of Appeals found that the "charge of the trial court did not authorize the jury to convict Jackson under the law of parties; the charge only authorized Jackson's conviction as a primary actor, as provided in the application paragraph of the charge." *Jackson v. State,* slip op., at 5. To reach this conclusion, the Court of Appeals chose to disregard the five paragraphs in the charge which followed the single paragraph applying the law to the facts which were alleged in the

indictment. The Court of Appeals justified this decision because these paragraphs "did not sufficiently apply the law to the facts." *Jackson v. State,* slip op., at 4. We disagree.

■ The Court of Appeals erred in its analysis by overlooking the fact that appellant never objected to the trial court's instructions applying the law of parties to the facts of the instant case. The trial court charged the jury to find appellant not guilty if they had a reasonable doubt that appellant committed the offense either by his own conduct or by his actions as a party. Cf. *Jones v. State,* 815 S.W.2d 667, at 668 (Tex.Cr.App. 1991) (wherein the charge failed to apply the abstract law of parties to the facts of the case.). Appellant failed to present an objection to the sufficiency of the jury's instruction on the law of parties to the trial court. "If a defendant desires a more explicit application of a particular method of acting as a party, it is his burden to request such or object to the charge." *Chatman v. State,* 846 S.W.2d, at 332.

We find the Court of Appeals erred in its analysis when it disregarded appellant's failure to object to the charge, limited its focus solely to the one paragraph which applied the law to the factual allegations that were set out in the indictment, and disregarded the instruction which applied the law of parties to the question of whether appellant committed "the offense".

■ In the absence of a request by appellant to more explicitly apply the law of parties to the facts, we find the general application of the law of parties to the facts was sufficient to refer the jury to the abstract instructions on the law of parties and to the specific elements of the instant offense. We find the jury was not misled or confused by such application in the instant case. No fundamental error is shown. *Chatman v. State,* 846 S.W.2d, at 332. Since there was sufficient evidence that appellant acted as a party in the commission of the instant offense, the Court of Appeals also erred in ordering the acquittal of appellant.

The judgment of the Court of Appeals is reversed. We remand this cause to the Court of Appeals to dispose of the two points of error that were not resolved on direct appeal.

OVERSTREET, J., dissents.

MEYERS, J., not participating.

CLINTON, Judge, dissenting on State's Petition for Discretionary Review.

The Court errs today to hold the jury charge in this cause was sufficient to authorize the jury to convict appellant under the law of parties. The Court compounds its error when it blames the court of appeals for failing to take into account that appellant did not object to this supposedly non-existent deficiency. The fact of the matter is that the Court grossly misinterprets its own opinion in *Chatman v. State*, 846 S.W.2d 329 (Tex.Cr. App.1993), in more ways than one. I respectfully dissent.

### I.

The jury charge in this cause contains an application paragraph authorizing the jury to convict appellant as a primary actor in the offense. This application paragraph fails to reference the law of parties at all. By itself, therefore, it fails to authorize the jury to convict appellant as a party to the indicted offense. Were this the only application paragraph in the charge, the court of appeals would unquestionably be correct that it is obliged to measure sufficiency of the evidence without applying the law of parties. See *Jones v. State*, 815 S.W.2d 667 (Tex.Cr. App.1991) (application paragraph that fails altogether to reference abstract definition of the law of parties, or to otherwise apply that law to the facts of the case, does not authorize conviction on that theory, and evidence must show defendant guilty as a primary actor); *Walker v. State*, 823 S.W.2d 247 (Tex. Cr.App.1991) (same); *Biggins v. State*, 824 S.W.2d 179 (Tex.Cr.App.1992) (same). In fact, its holding would be unremarkable, and we never would have granted the State's

petition for discretionary review in this cause.

But, as the majority opinion points out, there is another application paragraph, of sorts, in the jury charge. Immediately after the first application paragraph, the charge sets out the law of parties in the abstract— reminiscent of the jury charge in *Jones*. See 815 S.W.2d at 668. Immediately following that, however, is a further paragraph, not to be found in the jury charge in *Jones, viz:*

> "Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, either by his own conduct, or acting with intent to promote or assist the commission of the offense, solicited, encouraged, directed, aided or attempted to aid another to commit an offense, and said other person did commit the offense, you will find the defendant guilty of said offense.
>
> If you do not so believe, or if you have a reasonable doubt thereof, you will find the defendant not guilty."

The only issue presented to us is whether this second purported "application paragraph" adequately applies the law of parties to the facts of the case so as to distinguish this cause from *Jones* and its progeny—in other words, whether this cause is controlled by *Jones* or by our subsequent holding in *Chatman v. State*, supra. In my view, *Chatman* does not control.

In *Chatman* the jury charge first defined the law of parties in the abstract. Later, in the application paragraph, the jury was authorized to find Chatman guilty should it find he committed the offense "either acting alone or as a party, as that term has been defined," presumably in the earlier abstract definition. The court of appeals held that mere allusion to abstract definitions in the application paragraph was not sufficient to authorize the jury to convict under the law of parties. Therefore, on authority of *Jones* and *Walker*, both supra, the court of appeals reversed the conviction and ordered entry of a judgment of acquittal. *Chatman v. State*, 830 S.W.2d 637 (Tex.App.—Beaumont 1992).

We granted the State's petition for discretionary review in *Chatman*, and reversed. We noted that the application paragraph was objectionable for not applying the law of parties to the facts of the case with all the precision to which an accused is entitled under the law. *Id.*, at 331–32. Had Chatman objected to the charge, we acknowledged, he would have been entitled to greater specificity in the application paragraph. Failure to grant it to him would surely have constituted reversible trial error. Nevertheless, we held, the charge was minimally sufficient to authorize a jury to convict under the law of parties, and that theory of culpability was also available to the appellate court as a matter of sufficiency analysis. *Chatman*, supra, 846 S.W.2d at 332. Although we did not expressly say so, it was in this way that we distinguished our holdings in *Jones* and *Walker*.

Although *Chatman* is instructive here, it is not dispositive. The first application paragraph in the instant charge does not allude to the law of parties even to the minimal extent we found sufficient in *Chatman* to authorize the jury, by reference to abstract definitions, to convict. In fact, as with the jury instructions in *Jones*, the first application paragraph calls for a verdict of guilty or not guilty before the jury has even been abstractly instructed on the law of parties. The question here, not resolved by our opinion in *Chatman*, is whether the second purported application paragraph, coming after the abstract definition of the law of parties, is somehow sufficient, either independently or in conjunction with the rest of the charge, to authorize conviction of appellant as a party.

In conclusory fashion, the majority "finds" that the court of appeals erred by "limit[ing] its focus solely to the one paragraph which applied the law to the factual allegations that were set out in the indictment, and disregard[ing] the instruction which applied the law of parties to the question of whether appellant committed 'the offense'." Op. at 899. By this I presume the majority simply means the court of appeals erred to consider only the first application paragraph, without reference to the second purported application paragraph. When the majority considers the charge as a whole, it "finds" that "the general application of the law of parties to the facts was sufficient to refer the jury to the abstract instructions on the law of parties and to the specific elements of the instant offense." Op. at 899. By this I take the majority to mean that the second purported application paragraph directed the jury's attention both to the abstract definition of the law of parties, and to the first application paragraph, and that in combination these instructions somehow served to authorize the jury to convict appellant as a party. If this is true, then of course the court of appeals erred. But the reader is not made privy to the analytical path by which the Court came to this "finding." I am unable to reconstruct the path myself.

It is obvious enough that the second purported application paragraph referred the jury back to the immediately preceding abstract definition of the law of parties. It is less than clear to me, however, that it also suffices to authorize the jury retroactively to apply the law of parties in the first application paragraph. Nor is it clear to me that it independently authorizes the jury to convict appellant for the alleged offense under the law of parties. It seems to me it does neither of these things.

First, the second purported application paragraph does not expressly refer to the first application paragraph, so any reference must be implicit somehow. Yet I do not see any implied reference either. The second purported application paragraph informs the jury that appellant can be found guilty as a party if, with requisite intent he solicited, encouraged, etc., "another to commit *an* offense[.]" (Emphasis added.) It is thus phrased in abstract terms. It does not authorize conviction should the jury find he solicited, encouraged, etc., commission of the *alleged* offense. Thus, when it directs the jury to "find the defendant guilty of *said* offense[,]" it is not referring to the specific offense the jury was authorized to convict appellant for as a primary actor in the first application paragraph. Instead, it simply au-

thorizes conviction for the unidentified, hypothetical offense ("an offense") alluded to earlier in the second purported application paragraph. As such, it is really nothing more than an extension of the abstract definition of the law of parties that comes just before it. It neither incorporates, nor is incorporated by, the first application paragraph. It is simply juxtaposed to it. But as we repeated in *Jones*, "[m]ere juxtaposition does not amount to authorization." 815 S.W.2d at 670, citing *Garrett v. State*, 749 S.W.2d 784, at 789, n. 6 (Tex.Cr.App.1986) (Opinion on original submission).

Second, and for essentially the same reason, the second purported application paragraph does not independently authorize the jury to convict appellant of the *alleged* offense under the law of parties. Again, it only informs the jury abstractly that it may find appellant guilty for "an" offense if he acted as a party. It does not designate *which* offense. Although it may have the appearance of an application paragraph, it does not operate like one.

Even if it did operate like a genuine application paragraph, it would not authorize the jury to convict appellant as a party when read in the context of the entire charge. The reason for this is quite simple. The first application paragraph plainly instructs the jury to find appellant not guilty should it find he did not commit the offense as a primary actor. Therefore, following the flow-chart logic of the trial court's charge—even "reading the charge as a whole," as we are so often importuned to do by our Presiding Judge McCormick—the jury would be obliged to acquit appellant before it ever considered even the abstract definition of the law of parties, much less the second purported application paragraph. Cf. *Cobarrubio v. State*, 675 S.W.2d 749 (Tex.Cr.App.1983) (jury charge that did not require negation of sudden passion in application paragraph authorizing conviction for murder denied defendant due process because jury could convict him for murder without ever reaching issue of sudden passion).

Finally, even if the second purported application paragraph were independently suffi-

cient to authorize the jury to convict appellant on the law of parties, the best that could be said about it is that it would conflict with the first application paragraph. The first application paragraph still mandates acquittal unless the jury should find appellant guilty as a primary actor—a theory the court of appeals held not supported by the evidence. A jury "reading this charge as a whole," even if it were not bound to acquit appellant by the plain terms of the first application paragraph before it ever reached the second, would still face the paradox of a jury charge that both plainly required an acquittal and at the same time mandated, should the jury find appellant guilty as a party, a conviction. I cannot fathom why the majority would want to construe such a mind-bending set of instructions as clearly sufficient to authorize conviction on the law of parties.

For all these reasons I conclude that the jury charge in this cause was indeed insufficient to authorize conviction of appellant under the law of parties. This cause is governed by our holding in *Jones* after all, just as the court of appeals concluded, and not by our later decision in *Chatman*. The majority today errs to reverse the court of appeals' judgment. I dissent.

## II.

The majority compounds its error when it faults the court of appeals for failing to take into account the fact that appellant did not object to the jury charge. The majority opines, quite gratuitously it seems to me, that the court of appeals "erred in its analysis by overlooking the fact that appellant never objected to the trial court's instructions applying the law of parties to the facts of the instant case." Op. at 899. Later the majority again "finds" the court of appeals "erred in its analysis when it disregarded appellant's failure to object to the charge[.]" *Id.* Beyond this, the majority does not explain.

Once again, I am at a loss to understand. It is true, as the majority notes, that in

*Chatman* we observed that "[i]f a defendant desires a more explicit application of a particular method of acting as a party, it is his burden to request such or object to the charge." Op. at 899, quoting 846 S.W.2d at 332. But by this point in our opinion in *Chatman* we had already concluded that the jury charge was minimally sufficient to authorize the jury to convict under the law of parties. The observation was not part and parcel of our analysis in reaching that conclusion. We were simply admonishing the bench and bar that an application paragraph may be minimally sufficient to authorize conviction based on the law of parties even though not as precise or explicit as a defendant would be entitled to demand; and that it therefore behooves a defendant to object to such an application paragraph, and seek his relief, if any, in the form of trial error, rather than to pursue a claim of insufficient evidence on appeal.

That is all *Chatman* says about the need to object. *Chatman* does not suggest, as the majority would have it now, that failure to object to an application paragraph that was *not* even minimally sufficient to authorize conviction under the law of parties precludes a defendant from challenging sufficiency of the evidence if the State's proof showed only that he was a primary actor. If this were indeed the case, surely we would have said as much in *Jones.* But of course we did not, for in the *Benson/Boozer* line of cases, of which *Jones* is a logical extension, we have never remotely held that whether we will measure sufficiency of the evidence against the actual jury charge given is somehow contingent upon an objection from the defendant. See *Benson v. State,* 661 S.W.2d 708 (Tex.Cr.App. 1982) (Opinion on State's second motion for rehearing); *Boozer v. State,* 717 S.W.2d 608 (Tex.Cr.App.1984).

To thus heaping inaccuracy upon error, I also dissent.

BAIRD, J., joins.