In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00083-CR


______________________________




VICTORIA COLLIER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 202nd Judicial District Court


Bowie County, Texas


Trial Court No. 00F0598-202




 




Before Grant, Ross, and Cornelius,* JJ.


Opinion by Justice Cornelius



_________________________________

*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment

O P I N I O N



 Victoria Collier appeals her conviction for theft of property valued at more than $1,500.00
and less than $20,000.00, a state jail felony. The jury assessed Collier's punishment at eighteen
months' confinement in a state jail facility. Collier challenges the legal and factual sufficiency of the
evidence to support the jury's verdict. For the reasons set forth below, we affirm the trial court's
judgment.

A. Factual Background

 On March 23, 2000, Judith Bennett was working in the women's clothing department of the 
Dillard's clothing store in Texarkana. She saw three females enter her department. One, who had
a baby stroller, approached one of Bennett's coworkers at the cash register for assistance. Seeing that
the sales associate was distracted, the other two females stuffed apparel items into bags. Bennett saw
what was happening and alerted Gary Brown, an off-duty Texarkana police officer working part-time
security, that a theft was in progress. From this point forward, the State's witnesses gave conflicting
testimony.

 Bennett testified she saw Collier and a juvenile codefendant leave the store and jump into
a getaway car. Brown testified that only one individual got in the car and that Brown exited the
building before Collier, whereafter Brown made contact with, and subsequently arrested, Collier in
the Dillard's parking lot.



B. Standard of Review

 In our review of the legal sufficiency of the evidence, we employ the standards set forth in
Jackson v. Virginia, 443 U.S. 307, 319 (1979). This requires us to view the relevant evidence in the
light most favorable to the verdict and determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7
(Tex. Crim. App. 2000). We must also evaluate all of the evidence in the record, both direct and
circumstantial, whether admissible or inadmissible. Dewberry v. State, 4 S.W.3d 735, 740 (Tex.
Crim. App. 1999). If there is evidence that could establish guilt beyond a reasonable doubt, we will
not reverse for legal insufficiency. Cantrell v. State, 75 S.W.3d 503, 508 (Tex. App.-Texarkana
2002, pet. ref'd). When evidence both supports and conflicts with the verdict, we must assume that
the fact-finder resolved the conflict in favor of the verdict. Turro v. State, 867 S.W.2d 43, 47 (Tex.
Crim. App. 1993). If we find the evidence to be legally insufficient, we must reverse the judgment
and render a judgment of acquittal. Id. 

 In contrast, a factual sufficiency review requires us to review the evidence in a neutral light,
favoring neither party. Johnson v. State, 23 S.W.3d at 7; see also Clewis v. State, 922 S.W.2d 126,
134 (Tex. Crim. App. 1996). In determining the factual sufficiency of the evidence to establish the
elements of the offense, we view all the evidence in a neutral light and set aside the verdict only if
it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. 
Johnson v. State, 23 S.W.3d at 7; Clewis v. State, 922 S.W.2d at 129. We set aside the verdict for
factual insufficiency if (1) the evidence in support of a vital fact, considered as standing alone, is
factually too weak to support it, or (2) looking at all the evidence, some evidence supports a positive
inference and some supports a negative inference, but the state's evidence is so weak as to make the
finding against the great weight and preponderance of the available evidence. Goodman v. State, 66
S.W.3d 283 (Tex. Crim. App. 2001). Such a finding is described as being "manifestly unjust," or
"shocks the conscience," or "clearly demonstrates bias." Id. 

 If we find the evidence factually insufficient, we must state in what regard the contrary
evidence greatly outweighs the evidence in support of the verdict and explain how the jury's verdict
is factually insufficient. Id. Further, we can and should consider overwhelming evidence of guilt
in our harm analysis. Motilla v. State, 78 S.W.3d 352 (Tex. Crim. App. 2002). If we find factual
insufficiency, we must vacate the conviction and remand the cause for a new trial. Cantrell v. State,
75 S.W.3d at 508; Jones v. State, 944 S.W.2d at 648; Clewis v. State, 922 S.W.2d at 133-35.

C. Application

 In her first point of error, Collier contends the State "failed to present legally sufficient
evidence to demonstrate that Defendant committed the charged offense." Collier does not contest
the remaining elements of the offense-i.e., that clothing, valued at more than $1,500.00 but less than
$20,000.00, and belonging to Dillard's or its employee Judith Bennett, was taken with intent to
permanently deprive the owner of said property. See Tex. Pen. Code Ann. § 31.03 (Vernon Supp.
2002). The State contends there is strong evidence of Collier's guilt both as a primary actor and as
a party.

 "A person is criminally responsible as a party to an offense if the offense is committed by his
own conduct, by the conduct of another for which he is criminally responsible, or by both." Tex.
Pen. Code Ann. § 7.01(a) (Vernon 1994). A person may be held criminally responsible for
another's conduct if, acting with intent to promote or assist in the commission of the offense, he or
she "solicits, encourages, directs, aids, or attempts to aid the other person" in the commission of the
offense. Tex. Pen. Code Ann. § 7.02(a)(2) (Vernon 1994). 

 The indictment in this case charged Collier as the primary actor rather than as a party. The
law of parties may, however, be applied in a case where the indictment contains no such allegation. 
Jackson v. State, 898 S.W.2d 896, 898 (Tex. Crim. App. 1995); Montoya v. State, 810 S.W.2d 160,
165 (Tex. Crim. App. 1989). 

1. Legal Sufficiency of Guilt as a Primary Actor.

 Bennett testified that she saw Collier remove clothing from a rack in Dillard's while another
lady with a baby stroller distracted a store employee. Collier then stuffed the clothing into a garbage
bag and ran outside. Bennett followed Collier out of the store and saw Collier get inside a small
black four-door car that sped off. Collier did not have the store's permission to take the clothing, and
she did not pay Dillard's for it. Viewing the evidence in the light most favorable to the verdict, this
evidence, standing alone, is legally sufficient to support the jury's finding that Collier took the
clothing.

2. Legal Sufficiency of Guilt as a Party

 Though we find Collier's guilt as a primary actor to be supported by legally sufficient
evidence, out of an abundance of caution we shall examine the evidence of her guilt as a party to the
offense. Brown, a nine-year veteran of the Texarkana Police Department, testified that he was
working off-duty security for Dillard's on March 23, 2002. During that time, he was dispatched to
the north entrance of the store regarding a theft. He went out of the store and saw a car speeding out
of the parking lot. When the car returned, several females, including Collier, attempted to flag down
the car in the parking lot. Brown headed toward the group. The driver of the car noticed Brown's
approach, and the driver decided to speed off rather than continue toward the females. A patrol
officer then pursued the vehicle. Brown then approached Collier's group and saw Collier drop a
Dillard's shopping bag while she picked up her baby from a stroller. Inside the bag was a white shirt
that had been taken from Dillard's. This stroller had been used by another woman to distract the
Dillard's employee while other parties to the theft stole clothing and fled the store.

 Danny Presley, also of the Texarkana Police Department, stopped the small black four-door
car based on a dispatch notice that the car was wanted in connection with the Dillard's theft. Presley
removed from the car a bag that contained clothing valued at over $1,500.00 taken from Dillard's. 
A representative of Dillard's verified that none of this clothing had been sold; instead, the clothing
had been removed without the consent of Dillard's. 

 This testimony, when viewed in the light most favorable to the verdict, is legally sufficient
to support Collier's conviction as a party. The evidence shows that Collier allowed another to use
Collier's baby stroller in connection with the overall deception and removal of property. 

3. Factual Sufficiency of Guilt

 In her second point of error, Collier contends the evidence is factually insufficient to support
the jury's finding that Collier took clothing from Dillard's. Collier does not dispute the State's proof
as to any other element of the theft offense other than her identity as one of the thieves. 

 The State's primary witnesses conflict each other's testimony. Bennett testified she saw
Collier stuff clothing into a bag, flee the store, and jump into the car. Brown testified that he saw
Collier exit the store after he did, and Brown saw only the driver inside the vehicle. Brown also
testified that he encountered Collier in the parking lot after the driver fled the scene.

 Collier's contention of factual insufficiency might have merit if the State's case were limited
to this conflicting testimony; she overlooks, however, other evidence linking her to the crime. She
was found in possession of one of the stolen clothing items. Her baby stroller was used by a
codefendant to distract the sales clerk, and the stroller was found in Collier's possession immediately
following the theft. Also, the fact that Collier and the other females tried to flag down the juvenile
codefendant driving the car further implicates Collier's involvement in the theft.

 The applicable standard of review requires that, when there is conflicting evidence of guilt,
we should not reverse unless the State's evidence is so weak as to make the verdict against the great
weight and preponderance of the available evidence. Goodman v. State, 66 S.W.3d at 285. In this
case, the evidence supporting the verdict is not that weak.

 The judgment of the trial court is affirmed.

 

 William J. Cornelius*

 Justice




Date Submitted: August 30, 2002

Date Decided: November 8, 2002


Do Not Publish


*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment



ority="63" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Shading 1 Accent 4"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00181-CR

                                                ______________________________

 

 

                                 DONALD WAYNE SPICER,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 159th
Judicial District Court

                                                           Angelina County, Texas

                                                            Trial
Court No. 21,024

 

                                                      
                                            

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                     MEMORANDUM 
OPINION

 

            Donald
Wayne Spicer, Jr., was originally placed on deferred adjudication community supervision
in Angelina County[1]
in connection with the alleged offense of aggravated sexual assault of a child
in 1999.  See Tex. Penal Code Ann.
§ 22.021 (Vernon Supp. 2010).  In 2007,
Spicer was adjudicated guilty of the offense, but again placed on community
supervision.

            Now,
in this proceeding, Spicers community supervision has been revoked, not based
on any contention that he has committed any further offense, but for viewing
pornography, cleaning the hard drive on his computer, having incidental contact
with children under age seventeen, failing to pay six months of supervision
fees, failing to be employed, and failing to attend counseling one month.  After Spicer pled true to the allegations,
the trial court found the allegations true and sentenced Spicer to ten years
incarceration.  Spicer appeals that
revocation.

            Spicers
attorney on appeal[2]
has filed a brief which discusses the record and reviews the proceedings in
detail.  He has set up several potential
arguments and explained in detail why each fails to show a reversible error.  Counsel has thus provided a professional
evaluation of the record demonstrating why, in effect, there are no arguable
grounds to be advanced.  This meets the
requirements of Anders v. California,
386 U.S. 738 (1967); Stafford v. State,
813 S.W.2d 503 (Tex. Crim. App. 1981); and High
v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

            Counsel
mailed a copy of the brief to Spicer January 8, 2011, informing Spicer of his
right to file a pro se response and to review the record.  Counsel has also filed a motion with this
Court seeking to withdraw as counsel in this appeal.  Spicer has neither filed a pro se
response, nor has he requested an extension of time in which to file such
response.

            We
have determined that this appeal is wholly frivolous.  We have independently reviewed the clerks
record and the reporters record, and we agree that no arguable issues support
an appeal.  See Bledsoe v. State, 178 S.W.3d 824, 82627 (Tex. Crim. App.
2005).

            In
a frivolous appeal situation, we are to determine whether the appeal is without
merit and is frivolous, and if so, the appeal must be dismissed or
affirmed.  See Anders, 386 U.S. 738.   We
affirm the judgment of the trial court.[3]

 

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date Submitted:          March
21, 2011

Date Decided:             March
22, 2011

 

Do Not Publish











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Govt Code Ann.
§ 73.001 (Vernon 2005).  We are unaware
of any conflict between precedent of the Twelfth Court of Appeals and that of
this Court on any relevant issue.  See Tex.
R. App. P. 41.3.

 





[2]In
this proceeding, Spicer was represented by different appointed counsel at trial
and on appeal.





[3]Since
we agree this case presents no reversible error, we also, in accordance with Anders, grant counsels request to
withdraw from further representation of appellant in this case.  No substitute counsel will be appointed.  Should appellant wish to seek further review
of this case by the Texas Court of Criminal Appeals, appellant must either
retain an attorney to file a petition for discretionary review or appellant must
file a pro se petition for discretionary review.  Any petition for discretionary review must be
filed within thirty days from the date of either this opinion or the last
timely motion for rehearing that was overruled by this Court.  See
Tex. R. App. P. 68.2.  Any petition for discretionary review must be
filed with this Court, after which it will be forwarded to the Texas Court of
Criminal Appeals along with the rest of the filings in this case.  See
Tex. R. App. P. 68.3.  Any petition for discretionary review should
comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure.  See Tex. R. App. P.
68.4.