In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00146-CR


______________________________




ALDARIAN TYRONE DAVIS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 35871-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Aldarian Tyrone Davis appeals his conviction by the trial court on his open plea of guilty to
the offense of unlawful possession of a firearm by a felon. See Tex. Penal Code Ann. § 46.04(a)
(Vernon Supp. 2007). Davis has two other appeals before this Court: cause number 06-07-144-CR
(aggravated assault with a deadly weapon) and cause number 06-07-145-CR (possession of a
controlled substance with intent to deliver).

 Because the issues raised in each appeal are identical, for the reasons stated in our opinion
dated this day in Davis v. State, cause number 06-07-00144-CR, we affirm the judgment of the trial
court.


 Bailey C. Moseley

 Justice


Date Submitted: June 13, 2008

Date Decided: June 18, 2008


Do Not Publish



e record, both direct and
circumstantial, whether admissible or inadmissible. Dewberry v. State, 4 S.W.3d 735, 740 (Tex.
Crim. App. 1999). If there is evidence that could establish guilt beyond a reasonable doubt, we will
not reverse for legal insufficiency. Cantrell v. State, 75 S.W.3d 503, 508 (Tex. App.-Texarkana
2002, pet. ref'd). When evidence both supports and conflicts with the verdict, we must assume that
the fact-finder resolved the conflict in favor of the verdict. Turro v. State, 867 S.W.2d 43, 47 (Tex.
Crim. App. 1993). If we find the evidence to be legally insufficient, we must reverse the judgment
and render a judgment of acquittal. Id. 

 In contrast, a factual sufficiency review requires us to review the evidence in a neutral light,
favoring neither party. Johnson v. State, 23 S.W.3d at 7; see also Clewis v. State, 922 S.W.2d 126,
134 (Tex. Crim. App. 1996). In determining the factual sufficiency of the evidence to establish the
elements of the offense, we view all the evidence in a neutral light and set aside the verdict only if
it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. 
Johnson v. State, 23 S.W.3d at 7; Clewis v. State, 922 S.W.2d at 129. We set aside the verdict for
factual insufficiency if (1) the evidence in support of a vital fact, considered as standing alone, is
factually too weak to support it, or (2) looking at all the evidence, some evidence supports a positive
inference and some supports a negative inference, but the state's evidence is so weak as to make the
finding against the great weight and preponderance of the available evidence. Goodman v. State, 66
S.W.3d 283 (Tex. Crim. App. 2001). Such a finding is described as being "manifestly unjust," or
"shocks the conscience," or "clearly demonstrates bias." Id. 

 If we find the evidence factually insufficient, we must state in what regard the contrary
evidence greatly outweighs the evidence in support of the verdict and explain how the jury's verdict
is factually insufficient. Id. Further, we can and should consider overwhelming evidence of guilt
in our harm analysis. Motilla v. State, 78 S.W.3d 352 (Tex. Crim. App. 2002). If we find factual
insufficiency, we must vacate the conviction and remand the cause for a new trial. Cantrell v. State,
75 S.W.3d at 508; Jones v. State, 944 S.W.2d at 648; Clewis v. State, 922 S.W.2d at 133-35.

C. Application

 In her first point of error, Collier contends the State "failed to present legally sufficient
evidence to demonstrate that Defendant committed the charged offense." Collier does not contest
the remaining elements of the offense-i.e., that clothing, valued at more than $1,500.00 but less than
$20,000.00, and belonging to Dillard's or its employee Judith Bennett, was taken with intent to
permanently deprive the owner of said property. See Tex. Pen. Code Ann. § 31.03 (Vernon Supp.
2002). The State contends there is strong evidence of Collier's guilt both as a primary actor and as
a party.

 "A person is criminally responsible as a party to an offense if the offense is committed by his
own conduct, by the conduct of another for which he is criminally responsible, or by both." Tex.
Pen. Code Ann. § 7.01(a) (Vernon 1994). A person may be held criminally responsible for
another's conduct if, acting with intent to promote or assist in the commission of the offense, he or
she "solicits, encourages, directs, aids, or attempts to aid the other person" in the commission of the
offense. Tex. Pen. Code Ann. § 7.02(a)(2) (Vernon 1994). 

 The indictment in this case charged Collier as the primary actor rather than as a party. The
law of parties may, however, be applied in a case where the indictment contains no such allegation. 
Jackson v. State, 898 S.W.2d 896, 898 (Tex. Crim. App. 1995); Montoya v. State, 810 S.W.2d 160,
165 (Tex. Crim. App. 1989). 

1. Legal Sufficiency of Guilt as a Primary Actor.

 Bennett testified that she saw Collier remove clothing from a rack in Dillard's while another
lady with a baby stroller distracted a store employee. Collier then stuffed the clothing into a garbage
bag and ran outside. Bennett followed Collier out of the store and saw Collier get inside a small
black four-door car that sped off. Collier did not have the store's permission to take the clothing, and
she did not pay Dillard's for it. Viewing the evidence in the light most favorable to the verdict, this
evidence, standing alone, is legally sufficient to support the jury's finding that Collier took the
clothing.

2. Legal Sufficiency of Guilt as a Party

 Though we find Collier's guilt as a primary actor to be supported by legally sufficient
evidence, out of an abundance of caution we shall examine the evidence of her guilt as a party to the
offense. Brown, a nine-year veteran of the Texarkana Police Department, testified that he was
working off-duty security for Dillard's on March 23, 2002. During that time, he was dispatched to
the north entrance of the store regarding a theft. He went out of the store and saw a car speeding out
of the parking lot. When the car returned, several females, including Collier, attempted to flag down
the car in the parking lot. Brown headed toward the group. The driver of the car noticed Brown's
approach, and the driver decided to speed off rather than continue toward the females. A patrol
officer then pursued the vehicle. Brown then approached Collier's group and saw Collier drop a
Dillard's shopping bag while she picked up her baby from a stroller. Inside the bag was a white shirt
that had been taken from Dillard's. This stroller had been used by another woman to distract the
Dillard's employee while other parties to the theft stole clothing and fled the store.

 Danny Presley, also of the Texarkana Police Department, stopped the small black four-door
car based on a dispatch notice that the car was wanted in connection with the Dillard's theft. Presley
removed from the car a bag that contained clothing valued at over $1,500.00 taken from Dillard's. 
A representative of Dillard's verified that none of this clothing had been sold; instead, the clothing
had been removed without the consent of Dillard's. 

 This testimony, when viewed in the light most favorable to the verdict, is legally sufficient
to support Collier's conviction as a party. The evidence shows that Collier allowed another to use
Collier's baby stroller in connection with the overall deception and removal of property. 

3. Factual Sufficiency of Guilt

 In her second point of error, Collier contends the evidence is factually insufficient to support
the jury's finding that Collier took clothing from Dillard's. Collier does not dispute the State's proof
as to any other element of the theft offense other than her identity as one of the thieves. 

 The State's primary witnesses conflict each other's testimony. Bennett testified she saw
Collier stuff clothing into a bag, flee the store, and jump into the car. Brown testified that he saw
Collier exit the store after he did, and Brown saw only the driver inside the vehicle. Brown also
testified that he encountered Collier in the parking lot after the driver fled the scene.

 Collier's contention of factual insufficiency might have merit if the State's case were limited
to this conflicting testimony; she overlooks, however, other evidence linking her to the crime. She
was found in possession of one of the stolen clothing items. Her baby stroller was used by a
codefendant to distract the sales clerk, and the stroller was found in Collier's possession immediately
following the theft. Also, the fact that Collier and the other females tried to flag down the juvenile
codefendant driving the car further implicates Collier's involvement in the theft.

 The applicable standard of review requires that, when there is conflicting evidence of guilt,
we should not reverse unless the State's evidence is so weak as to make the verdict against the great
weight and preponderance of the available evidence. Goodman v. State, 66 S.W.3d at 285. In this
case, the evidence supporting the verdict is not that weak.

 The judgment of the trial court is affirmed.

 

 William J. Cornelius*

 Justice




Date Submitted: August 30, 2002

Date Decided: November 8, 2002


Do Not Publish


*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment