**Opinion filed December 5, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00032-CR
_____

## RASHEEN JAMAL ROBINSON, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 264th District Court**
**Bell County, Texas**
**Trial Court Cause No. 67451**

### M E M O R A N D U M   O P I N I O N

Rasheen Jamal Robinson appeals his conviction of aggravated robbery with the use and exhibition of a deadly weapon.[1] The jury convicted him, and the trial court assessed Appellant's punishment at confinement for a term of thirty-five years. We affirm.

### I. *Evidence at Trial*

Armando Escalera testified that four men broke into his house in the early morning hours of September 17, 2010. Escalera believed all of the men had

_____

[1]*See* TEX. PENAL CODE ANN. § 29.03 (West 2011).

knives. The intruders demanded Escalera's money, credit cards, and bank information. They ransacked Escalera's home and stole numerous items, including his army medals and the wedding ring that belonged to his late wife. The men bound Escalera's hands and feet with his own neckties before they left.

Detective Roy Carl Clayton of the Killeen Police Department testified that Appellant was arrested after police identified him in a surveillance video obtained from a local Wal-Mart. The video showed Appellant and three other men as they bought merchandise with one of Escalera's credit cards. Following his arrest, Appellant initially denied involvement in the robbery. After police showed Appellant several still photographs from the Wal-Mart surveillance video, he identified himself in the video and admitted that he received thirty dollars from the robbery.

After Appellant confessed to Officer Clayton, he voluntarily provided a written statement in which he detailed the events of the night in question. Appellant said that he and the other men accused in this case wanted some "weed" and that someone suggested that the group "hit a lick."[2] Appellant admitted that he went inside Escalera's home during the robbery, but he claimed that others were the ones who tied up and threatened Escalera.

Jason Michael Colson, who had already pleaded guilty to charges related to this offense, testified that everyone involved, including Appellant, knew that the group intended to "hit a lick" that night. Colson claimed that Appellant volunteered to serve as the lookout and never entered Escalera's home. Colson stated that Appellant received food and cigarettes as compensation for his involvement in the robbery.

In the charge to the jury, the trial court provided instructions on the law of parties, as set out in Section 7.02(a)(2) of the Texas Penal Code. TEX. PENAL

---

[2]Detective Clayton testified that "hit a lick" is a slang term that means burglarize a house.

CODE ANN. § 7.02(a)(2) (West 2011). The charge allowed the jury to find Appellant guilty based upon his own actions or as a party to the actions of his companions. Appellant did not object to the jury charge at trial, and the jury found him guilty of aggravated robbery with the use and exhibition of a deadly weapon.

## II. *Issues Presented*

Appellant presents two issues on appeal, which we paraphrase as follows:

1. Does Section 7.02(a)(2) of the Texas Penal Code violate due process by allowing a less than unanimous verdict?

2. Did the charge provided by the trial court allow the jury to return a nonunanimous verdict under Section 7.02(a)(2)?

The answer to both questions, as we explain below, is "no."

## III. *Standard of Review*

A felony conviction requires a unanimous jury verdict. TEX. CONST. art. V, § 13; TEX. CODE CRIM. PROC. ANN. art. 36.29(a) (West Supp. 2013). Review of a jury unanimity challenge requires examination of the plain language of the relevant statute. *Jefferson v. State*, 189 S.W.3d 305, 311 (Tex. Crim. App. 2006). The purpose of the inquiry is to determine whether the legislature has created a single offense, with alternate methods of commission, because jury unanimity is required on the essential elements of an offense but not on the specific method of commission. *Id.*

## IV. *Analysis*

Appellant contends, in his first issue, that Section 7.02(a)(2) of the Texas Penal Code violates due process because it does not contain a requirement of jury unanimity as to a defendant's role in the commission of an offense. Appellant argues that the acts for which he became criminally responsible under Section 7.02(a)(2) constituted different elements of an offense and that jury

3

unanimity was required as to "how" he was responsible for the conduct of the other actors.

Under Section 7.02(a)(2), a person may be held criminally responsible for the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. PENAL § 7.02(a)(2). The Court of Criminal Appeals recently held that Section 7.02 does not list the elements of the charged offense but, rather, provides "alternative manners by which an accused may be held accountable for the conduct of another." *Leza v. State*, 351 S.W.3d 344, 357 (Tex. Crim. App. 2011).

The Court of Criminal Appeals opined that "it would be plainly absurd to require the jury to acquit the accused unless it can unanimously determine his status as a principal actor or a party and, if the latter, what his exact party accountability might be." *Id.* If "compelling" evidence is presented that the accused is guilty of every element of the alleged offense, either as a principal or under a theory of party liability, jury unanimity is not required as to the accused's "precise role" in the commission of the offense. *Id.*

The State introduced evidence that Appellant had given a statement to police that detailed the events surrounding the robbery and that he had received thirty dollars from the robbery. Appellant admitted he went inside the victim's home, while an accomplice testified that Appellant was the "lookout" during the robbery and knew that they intended to rob Escalera. The accomplice also said that Appellant received cigarettes and food for his help in the robbery.

The jury was free to decide if Appellant had aided or attempted to aid another person in the Escalera robbery because of his actions as an intruder or lookout and the compelling evidence of his own confession. The jury was not required to determine his "precise role," and Section 7.02(a)(2) does not violate the

4

due process clause in listing alternatives for which the accused may be held to account for the actions or conduct of others. We overrule Appellant's first issue.

Appellant contends in his second issue that the charge given in this case that allowed the jury to find him guilty under Section 7.02(a)(2) improperly permitted the jury to return a nonunanimous verdict.

The trial court may include a charge on the law of parties even though no such theory is alleged in the indictment. *Jackson v. State*, 898 S.W.2d 896, 898 (Tex. Crim. App. 1995). An instruction on the law of parties may be given to the jury whenever there is sufficient evidence to support a verdict that the defendant is criminally responsible under the law of parties. *Ladd v. State*, 3 S.W.3d 547, 564 (Tex. Crim. App. 1999). To determine whether a defendant participated in an offense as a party, the court may examine the events occurring before, during, and after the commission of the offense. *Id.* at 302.

In this case, compelling evidence was presented that Appellant participated in a robbery that involved the use of a deadly weapon. The jury was required to unanimously find beyond a reasonable doubt that all of the elements of the charged offense were proven and was properly permitted to convict Appellant of the charged offense without unanimously agreeing as to his precise role in the offense. *See Leza*, 351 S.W.3d at 357–58. We find that the trial court properly submitted the jury charge on the law of parties. We overrule Appellant's second issue.

## V. *This Court's Ruling*

We affirm the judgment of the trial court.


December 5, 2013                                    MIKE WILLSON

Do not publish. *See* TEX. R. APP. P. 47.2(b).      JUSTICE

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

5