

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00045-CR

**JEREMY MARQUIS BEARD,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 18th District Court**
**Johnson County, Texas**
**Trial Court No. F42528**

## MEMORANDUM  OPINION

Jeremy Marquis Beard was indicted on three counts of burglary of a vehicle with two priors.  Tex. Penal Code Ann. § 30.04 (d) (2) (A) (West 2011).  The jury convicted Beard on all three counts and found the enhancement paragraphs to be true.  The jury assessed punishment in Count 1 at 24 months confinement and a $3000 fine, in Count 2 at 24 months confinement and a $3000 fine, and in Count 3 at 24 months confinement and a $10,000 fine.  We affirm.

## Sufficiency of the Evidence

Beard argues in three issues on appeal that the evidence is insufficient to support his conviction on each of the three counts. The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011), *cert den'd*, 132 S.Ct. 2712, 183 L.Ed.2d 71 (2012).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well

established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

On December 22, 2007, Officer Shannon Allen, with the Cleburne Police Department, responded to a call at the Cleburne Fitness Center concerning the burglary of a vehicle. Peggy Lemens reported while she was inside the fitness center the window of her vehicle was broken out and her purse was taken from her vehicle. Officer Allen testified that while he was speaking with Lemens, another complainant approached him and reported that her car was burglarized in the fitness center parking lot. Tama Click reported that the window of her vehicle was broken out and her purse was taken from her vehicle. Debbie Meek rode to the Cleburne Fitness Center with Click, and her purse and cellphone were also taken from Click's vehicle. All three of the purses were found later that day in the same dumpster.

On December 24, 2007, Officer Pete Munoz, with the Cleburne Police Department, was dispatched to the Dang Gym in response to a call for burglary of a vehicle. Jennifer Coward reported that the window of her vehicle was broken out and her purse and GameStop gift cards were taken from her vehicle. Coward's purse was found about two hours later in a dumpster.

Detective John Lewallen, with the Benbrook Police Department, testified that on December 24, 2007, he was conducting surveillance at the YMCA fitness center because there had been several recent reports of vehicles being burglarized. Detective Lewallen stated that he saw a white Oldsmobile Cutlass pull into the parking lot and park.

Detective Lewallen observed that no one exited or entered the vehicle. The vehicle stayed in the parking lot for a few minutes and then left. Detective Lewallen called for a patrol unit to respond.

Officer Wes Cooper responded to Detective Lewallen's call for assistance. He initiated a traffic stop on the Oldsmobile Cutlass. Appellant was the driver of the vehicle, and his brother, Timothy Beard, was a passenger. Officer Cooper determined that Appellant had outstanding warrants and placed him under arrest. Officer Cooper searched the vehicle and found four cellphones and some GameStop gift cards. One of the cell phones in the vehicle was the cell phone taken from Debbie Meek on December 22, 2007. Jennifer Coward provided serial numbers for the GameStop gift cards taken from her vehicle. The gift cards in the vehicle driven by Appellant matched those taken from Coward's vehicle on December 24, 2007.

A person commits the offense of burglary of a vehicle if, "without the effective consent of the owner, he breaks into or enters a vehicle or any part of a vehicle with intent to commit any felony or theft." Appellant argues that there is insufficient evidence linking him to the three burglaries.

A defendant's unexplained possession of property recently stolen in a burglary permits an inference that the defendant is the one who committed the burglary. *Rollerson v. State*, 227 S.W.3d 718, 725 (Tex. Crim. App. 2007); *Poncio v. State*, 185 S.W.3d 904, 905 (Tex. Crim. App. 2006). In *Poncio*, the Court held that the inference pertaining to a defendant in unexplained possession of property recently stolen is applicable in determining the sufficiency of the evidence to support the element of entry. *See Poncio v.*

*State*, 185 S.W.3d at 904-905. A factfinder is entitled to draw multiple reasonable inferences as long as each inference is supported by the evidence presented at trial. *Rollerson v. State*, 227 S.W.3d at 725.

After numerous vehicle burglaries in a fitness center parking lot, appellant and his brother were observed in a vehicle in the parking lot acting in a suspicious manner. Appellant and his brother were found to be in unexplained possession of recently stolen property, including Jennifer Coward's GameStop gift cards and Debbie Meek's cellphone. Coward had reported the gift cards as stolen less than an hour before from the parking lot of another fitness center. Appellant told Officer Cooper that the cellphone belonged to him. The purses belonging to Lemens, Click, and Meek were all taken from vehicles at a fitness center parking lot in the same time frame, and the purses were all recovered from the same dumpster later that day. Viewing the evidence in the light most favorable to the verdict, the evidence was sufficient to support Appellant's convictions for burglary of a vehicle. We overrule issues one, two, and three.

## Jury Charge

In the fourth issue, Appellant argues that the trial court erred in instructing the jury on the law of parties. Appellate review of alleged jury-charge error involves a two-step process. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). Initially, the court must determine whether error actually exists in the charge. If error is found, the court must then evaluate whether sufficient harm resulted from the error to require reversal. *Id.* at 731-32.

The trial court charged the jury in Section V as follows:

Our law of parties provides that a person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both. Each party to the offense may be charged with the commission of the offense.

Our law provides that a person is criminally responsible for an offense committed by the conduct of another if, acting with the intent to promote or assist in the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

Corroboration is not sufficient if the corroboration only shows the commission of the offense.

The Application paragraph of the charge provided that:

Now, if you find from the evidence beyond a reasonable doubt that in Johnson County, Texas the defendant, JEREMY MARQUIS BEARD, … did then and there, either individually or as a party as described in section V above, …break into or enter a vehicle, to-wit: an automobile or part thereof, with intent to commit theft and you find from the evidence beyond a reasonable doubt that the defendant previously was convicted two times of the offense of Burglary of a Vehicle …

Then you will find the defendant guilty of the felony offense of Burglary of a Vehicle with two prior convictions as alleged in … the Indictment.

But if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant of the felony offense … and say by your verdict "not guilty."

Appellant objected to the inclusion of the charge on the law of parties stating that "there is no other evidence to include any other person that has not been – that has not been submitted as evidence in this case." The law of parties may be applied to a case even though no such allegation is contained in the indictment. *Jackson v. State*, 898 S.W.2d 896, 898 (Tex. Crim. App. 1995). The evidence shows that Appellant and his brother were both in the vehicle that contained the stolen property. During his arrest, Appellant asked Officer Cooper to give his brother the $550 that he had in cash. He also asked Officer Cooper to tell his brother not to bail him out and to "clear out the Lighthouse." Appellant

worked at The Lighthouse, and Officer Cooper believed there might be contraband stored there. In its closing argument, the State discussed the law of parties explaining to the jury how Appellant and his brother could have worked together in the burglary. The trial court did not err in including the law of parties in the charge.

Appellant contends that the trial court erred in applying the law of parties to the facts of the case. In the absence of a request by the defendant to more explicitly apply the law of parties to the facts, the general application of the law of parties to the facts is sufficient to refer the jury to the abstract instructions on the law of parties and to the specific elements of the instant offense. *Vasquez v. State*, 389 S.W.3d 361, 367 (Tex. Crim. App. 2012); *Jackson v. State*, 898 S.W.2d at 899. If the defendant does request that the application paragraph refer only to those specific party-liability acts that are supported by the evidence, then he is entitled to such a narrowing. *Vasquez v. State*, 389 S.W.3d at 367. Appellant did not request the trial court to explicitly apply the law of parties to the facts. We overrule the fourth issue.

## Conclusion

We affirm the trial court's judgment.


AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed December 10, 2015
Do not publish
[CR 25]

