NO. 07-05-0220-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 30, 2006

______________________________

DANA JANENE MCCARTY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 154
TH
 DISTRICT COURT OF LAMB COUNTY;

NO. 2946; HONORABLE FELIX KLEIN, JUDGE

_______________________________

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

MEMORANDUM OPINION

This is an out-of-time appeal conducted at the direction of the Texas Court of Criminal Appeals.  Appellant Dana Janene McCarty challenges her 1997 conviction for aggravated sexual assault and the 16 year sentence imposed by the trial court.  Presenting a sole issue, appellant contends she was denied her Sixth Amendment right to effective assistance of counsel.  We affirm. 

Appellant was indicted for intentionally and knowingly causing penetration of the victim’s female sexual organ by her sexual organ.  She was convicted as a party to the offense committed by her then live-in boyfriend James Lee Vick.  Appellant and the victim, 12 years old at the time of the offense, were friends and occasionally the victim babysat appellant’s infant daughter.  In the summer of 1994, the victim spent the night in appellant and Vick’s home.  Vick’s cousin, John Barby, was also present that night.  The group, including the victim, engaged in a beer drinking game and watched a pornographic movie.  After a few hours, Vick called the victim to a bedroom where he asked her if she would participate in a foursome.  Although unsure of what that entailed, she agreed.  While appellant was with Barby, the victim testified that Vick kissed her and removed her pajamas.  He then penetrated her sexual organ with his penis.  She immediately felt pain and an urge to go to the bathroom.  After she pushed Vick off and headed to the bathroom she discovered she was bleeding.  Appellant followed her and attempted to explain why she was hurting and bleeding and helped her clean up and shower.

On October 13, 1994, the victim and her parents reported the incident to the Sheriff’s Department.  A sexual assault exam revealed that the victim had been raped and contracted two sexually transmitted diseases.  Arrests warrants were issued for appellant, Vick and Barby.
(footnote: 1)    

By her out-of-time appeal, appellant complains she was denied her Sixth Amendment right to effective assistance of counsel.
  A claim of ineffectiveness is reviewed under the standard set out in 
Strickland v. Washington
, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Under 
Strickland
, a defendant must establish that (1) counsel’s performance was deficient (
i.e.
, fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for counsel’s deficient performance, the result of the proceeding would have been different, a reasonable probability being a probability sufficient to undermine confidence in the outcome.  
Rylander v. State
, 101 S.W.3d 107, 110 (Tex.Crim.App. 2003); 
see also 
Hernandez v. State
, 726 S.W.2d 53, 55 (Tex.Crim.App. 1986).  In other words, appellant must demonstrate by a preponderance of the evidence that the deficient performance prejudiced her defense.  
Mitchell v. State
, 68 S.W.3d 640, 642 (Tex.Crim.App. 2002); 
Thompson v. State
, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999).  Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim.  
Thompson
, 9 S.W.3d at 814, citing 
Strickland
, 466 U.S. at 700.

The adequacy of defense counsel’s assistance is based upon the totality of the representation rather than by isolated acts or omissions of trial counsel.  
Id
.  Although the constitutional right to counsel ensures the right to reasonably effective counsel, it does not guarantee errorless counsel whose competency or accuracy of representation is to be judged by hindsight.  
Ingham v. State
, 679 S.W.2d 503, 509 (Tex.Crim.App. 1984); 
see also 
Ex parte Kunkle
, 852 S.W.2d 499, 505 (Tex.Crim.App. 1993).  Appellate review of trial counsel’s representation is highly deferential and presumes that counsel’s conduct fell within the wide range of reasonable and professional representation. 
See
 
Andrews v. State
, 159 S.W.3d 98, 101 (Tex.Crim.App. 2005). 
 
See
 
also
 
Bone v. State
, 77 S.W.3d 828, 833 (Tex.Crim.App. 2002).  To defeat the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record.  
Thompson
, 9 S.W.3d at 813-14.  

To satisfy the first prong of the test, an appellant must demonstrate that counsel’s performance was unreasonable under prevailing professional norms and that the challenged action was not sound trial strategy.  
Strickland
, 468 U.S. at 690.  From the record, it appears that appellant’s trial counsel had a strategy in attacking the indictment which accused appellant of “intentionally and knowingly causing penetration of the victim’s female sexual organ by defendant’s sexual organ.”  While the State contends that the indictment was sufficient to allow it to present a case to the jury of appellant being an accomplice to the sexual assault of the victim by her boyfriend, appellant’s trial counsel clearly disagreed.  

Both the State and appellant’s attorney on appeal believe that trial counsel was arguing a theory “contrary to law,” by contending that trial counsel was stating that the indictment must allege the appellant acted as a party instead of as the principal actor.  However, trial counsel appears to actually be arguing that the State has charged appellant with a separate and distinct offense than what the principal actor was charged.  Though the State was correct at trial, that an indictment did not require any language referencing the “law of parties,” 
see
 
Jackson v. State
, 898 S.W.2d 896, 989 (Tex.Crim.App. 1995), appellant is still entitled to notice of the offense that is being charged.  
Id
. at 899.  It would appear that trial counsel was raising a question that is best described as a material variance between the indictment and the offense that the State sought to prove at trial, 
see
 
Fuller v. State
, 73 S.W.3d 250, 253 n.2 (Tex.Crim.App. 2002).  

However, our review of trial counsel’s actions must be highly deferential and we indulge in a strong presumption that counsel’s conduct fell within the wide range of reasonable professional assistance.  
See
 
Rylander v. State
, 101 S.W.3d at 110 (Tex.Crim.App. 2003), citing 
Strickland
 468 U.S. at 689.  After reviewing trial counsel’s actions we find that his actions did not fall beneath the threshold of reasonable professional assistance; therefore, we overrule appellant’s first issue.    

Even if we assume that counsel’s performance fell below an objective standard of reasonableness, there must be a reasonable probability that but for counsel’s deficient performance, the result of the proceeding would have been different.  
Rylander
, 101 S.W.3d at 110.  Appellant meets this requirement by providing a record that demonstrates by a preponderance of the evidence that the deficient performance prejudiced her defense.  
Mitchell v. State
, 68 S.W.3d at 642 (Tex.Crim.App. 2002).  Appellant contends that because there is some evidence that the wrong theory of law was used by trial counsel and she was convicted and received a prison sentence there must have been prejudice to her defense.  The trial record does not support the assumption that appellant asks this court to make.   

In this case the question of counsel’s motives for the action he took cannot be answered in the undeveloped record before this court.  
Mallett v. State
, 65 S.W.3d 59, 63 (Tex.Crim.App. 2001).  Counsel should ordinarily be afforded the opportunity to explain his actions before being denounced as ineffective.  
Rylander
 101 S.W.3d at 111.
(footnote: 2)  Accordingly, there is no showing of ineffective assistance of counsel under the first prong of 
Strickland
 and even if we assume ineffective assistance, the record does not support the assumption of harm.

Accordingly, the judgment of the trial court is affirmed.

Mackey K. Hancock

                  Justice

Quinn, C.J., concurring

Reavis, J., dissenting

Do not publish.  

FOOTNOTES
1:
1
 According to the State’s brief, Vick received community supervision in a separate jury proceeding.  Appellant requested a time-cut on her sentence which the State, trial court, and Lamb County Sheriff agreed to, but which the governor rejected. 

2:
2 
As noted by the Texas Court of Criminal Appeals in footnote 9 of 
Mitchell v. State
, 63 S.W.3d 640, 642, the general doctrine that forbids raising a claim on habeas corpus after it was rejected on appeal is not applied to ineffective assistance cases.