NO. 07-05-0220-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 30, 2006
_____

DANA JANENE MCCARTY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 2946; HONORABLE FELIX KLEIN, JUDGE
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**MEMORANDUM OPINION**

This is an out-of-time appeal conducted at the direction of the Texas Court of Criminal Appeals. Appellant Dana Janene McCarty challenges her 1997 conviction for aggravated sexual assault and the 16 year sentence imposed by the trial court. Presenting a sole issue, appellant contends she was denied her Sixth Amendment right to effective assistance of counsel. We affirm.

Appellant was indicted for intentionally and knowingly causing penetration of the victim's female sexual organ by her sexual organ. She was convicted as a party to the

offense committed by her then live-in boyfriend James Lee Vick. Appellant and the victim, 12 years old at the time of the offense, were friends and occasionally the victim babysat appellant's infant daughter. In the summer of 1994, the victim spent the night in appellant and Vick's home. Vick's cousin, John Barby, was also present that night. The group, including the victim, engaged in a beer drinking game and watched a pornographic movie. After a few hours, Vick called the victim to a bedroom where he asked her if she would participate in a foursome. Although unsure of what that entailed, she agreed. While appellant was with Barby, the victim testified that Vick kissed her and removed her pajamas. He then penetrated her sexual organ with his penis. She immediately felt pain and an urge to go to the bathroom. After she pushed Vick off and headed to the bathroom she discovered she was bleeding. Appellant followed her and attempted to explain why she was hurting and bleeding and helped her clean up and shower.

On October 13, 1994, the victim and her parents reported the incident to the Sheriff's Department. A sexual assault exam revealed that the victim had been raped and contracted two sexually transmitted diseases. Arrests warrants were issued for appellant, Vick and Barby.[1]

By her out-of-time appeal, appellant complains she was denied her Sixth Amendment right to effective assistance of counsel. A claim of ineffectiveness is reviewed under the standard set out in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80

---

[1] According to the State's brief, Vick received community supervision in a separate jury proceeding. Appellant requested a time-cut on her sentence which the State, trial court, and Lamb County Sheriff agreed to, but which the governor rejected.

2

L.Ed.2d 674 (1984). Under Strickland, a defendant must establish that (1) counsel's performance was deficient (*i.e.*, fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different, a reasonable probability being a probability sufficient to undermine confidence in the outcome. Rylander v. State, 101 S.W.3d 107, 110 (Tex.Crim.App. 2003); *see also* Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Crim.App. 1986). In other words, appellant must demonstrate by a preponderance of the evidence that the deficient performance prejudiced her defense. Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Crim.App. 2002); Thompson v. State, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. Thompson, 9 S.W.3d at 814, citing Strickland, 466 U.S. at 700.

The adequacy of defense counsel's assistance is based upon the totality of the representation rather than by isolated acts or omissions of trial counsel. Id. Although the constitutional right to counsel ensures the right to reasonably effective counsel, it does not guarantee errorless counsel whose competency or accuracy of representation is to be judged by hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex.Crim.App. 1984); *see also* Ex parte Kunkle, 852 S.W.2d 499, 505 (Tex.Crim.App. 1993). Appellate review of trial counsel's representation is highly deferential and presumes that counsel's conduct fell within the wide range of reasonable and professional representation. See Andrews v. State, 159 S.W.3d 98, 101 (Tex.Crim.App. 2005). See also Bone v. State, 77 S.W.3d 828, 833 (Tex.Crim.App. 2002). To defeat the presumption of reasonable professional

3

assistance, any allegation of ineffectiveness must be firmly founded in the record. Thompson, 9 S.W.3d at 813-14.

To satisfy the first prong of the test, an appellant must demonstrate that counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not sound trial strategy. Strickland, 468 U.S. at 690. From the record, it appears that appellant's trial counsel had a strategy in attacking the indictment which accused appellant of "intentionally and knowingly causing penetration of the victim's female sexual organ by defendant's sexual organ." While the State contends that the indictment was sufficient to allow it to present a case to the jury of appellant being an accomplice to the sexual assault of the victim by her boyfriend, appellant's trial counsel clearly disagreed.

Both the State and appellant's attorney on appeal believe that trial counsel was arguing a theory "contrary to law," by contending that trial counsel was stating that the indictment must allege the appellant acted as a party instead of as the principal actor. However, trial counsel appears to actually be arguing that the State has charged appellant with a separate and distinct offense than what the principal actor was charged. Though the State was correct at trial, that an indictment did not require any language referencing the "law of parties," see Jackson v. State, 898 S.W.2d 896, 989 (Tex.Crim.App. 1995), appellant is still entitled to notice of the offense that is being charged. Id. at 899. It would appear that trial counsel was raising a question that is best described as a material variance between the indictment and the offense that the State sought to prove at trial, see Fuller v. State, 73 S.W.3d 250, 253 n.2 (Tex.Crim.App. 2002).

4

However, our review of trial counsel's actions must be highly deferential and we indulge in a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. See Rylander v. State, 101 S.W.3d at 110 (Tex.Crim.App. 2003), citing Strickland 468 U.S. at 689. After reviewing trial counsel's actions we find that his actions did not fall beneath the threshold of reasonable professional assistance; therefore, we overrule appellant's first issue.

Even if we assume that counsel's performance fell below an objective standard of reasonableness, there must be a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. Rylander, 101 S.W.3d at 110. Appellant meets this requirement by providing a record that demonstrates by a preponderance of the evidence that the deficient performance prejudiced her defense. Mitchell v. State, 68 S.W.3d at 642 (Tex.Crim.App. 2002). Appellant contends that because there is some evidence that the wrong theory of law was used by trial counsel and she was convicted and received a prison sentence there must have been prejudice to her defense. The trial record does not support the assumption that appellant asks this court to make.

In this case the question of counsel's motives for the action he took cannot be answered in the undeveloped record before this court. Mallett v. State, 65 S.W.3d 59, 63 (Tex.Crim.App. 2001). Counsel should ordinarily be afforded the opportunity to explain his actions before being denounced as ineffective. Rylander 101 S.W.3d at 111.[2]

---

[2] As noted by the Texas Court of Criminal Appeals in footnote 9 of Mitchell v. State, 63 S.W.3d 640, 642, the general doctrine that forbids raising a claim on habeas corpus

Accordingly, there is no showing of ineffective assistance of counsel under the first prong of <u>Strickland</u> and even if we assume ineffective assistance, the record does not support the assumption of harm.

Accordingly, the judgment of the trial court is affirmed.

Mackey K. Hancock
Justice

Quinn, C.J., concurring
Reavis, J., dissenting

Do not publish.

---

after it was rejected on appeal is not applied to ineffective assistance cases.

NO. 07-05-0220-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 30, 2006
_____

DANA JANENE MCCARTY,

Appellant

V.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 2946; HONORABLE FELIX KLEIN, JUDGE
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

### *Concurrence*

I concur in the opinion of Justice Hancock for the following reasons.

The record belies the appellant's argument that the strategy of his trial counsel was founded upon a misunderstanding of the law of parties. His trial counsel may have argued that a party allegation had to be included in the indictment. Yet, it is clear that he also considered appellant's responsibility as a party while defending her. This is borne out by various queries and comments during trial such as 1) "[d]o you think [appellant] forced Theresa to have sex with anybody," 2) "[d]id [appellant] ever tell you that she told Theresa

7

to have sex with James," 3) "so [appellant] didn't ask you to do anything with James," 4) "[d]id she ever tell you [*i.e.* Theresa] you had to have sex with James," 5) "[d]id [appellant] ever tell you [*i.e.* Theresa] you really need to because I [*i.e.* appellant] wants you to," 6) "[d]id [James] tell you that [appellant] wanted him to ask you that," 7) "[a]nd I think you said James tried to talk you into doing it again," 8) "[a]nd again, I think you said [appellant] told you that she didn't want to ask you that or get involved in that in any way, right," 9) ". . . if there was one person that was telling everybody else what to do, who was that person," 10) "[d]id [Theresa] tell you that [appellant] held her while James had sex with her," 11) "[Theresa] didn't say that [appellant] held her," 12) "[d]id [Theresa] tell you that [appellant] talked her into having sex with James," and 13) "[d]o you [*i.e.* appellant] remember telling Theresa that she didn't have to do it."  Each of the foregoing addressed appellant's involvement in the assault not as the primary actor but as someone who aided another, *i.e.* as a party.

And, that defense counsel's trial strategy also included an attack upon appellant's status as a party is further exemplified by his closing argument.  There, he summarized the nature of the testimony given by each witness.  While doing so, he made comments like "[t]hat's not *aiding and soliciting* on the part of [appellant] that's James in control . . . ," "she didn't *encourage* it, she didn't *solicit* it and she didn't *aid* it . . . ," "[d]oes that sound like someone who's *aiding* . . . ," and "[h]ow could she have *aided* . . . ."  (Emphasis added).  The italicized words are remarkably similar if not identical to those used by the legislature in explaining when one becomes culpable as a party to an offense.  *See* TEX. PENAL CODE ANN. §7.02(a)(2) (Vernon 2003) (describing a party to an offense as one who

8

"acting with intent to promote or assist the commission of the offense, solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense").

In sum, the test for assessing whether an accused was denied effective assistance of counsel requires us to look at all of counsel's actions, not just snippets. *Thompson v. State,* 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Here, appellant focused only upon a snippet. In her effort to impugn trial counsel's efforts, she said nothing of the ubiquitous evidence thoroughly illustrating that counsel both knew about the law of parties and pursued a defensive strategy with it in mind. Given this, I reject the assertion regarding counsel's supposed ineffectiveness. So too would I overrule appellant's sole issue and affirm the judgment.


      Brian Quinn
      Chief Justice

Do not publish.

9

NO. 07-05-0220-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 30, 2006

_____

DANA JANENE McCARTY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 2946; HONORABLE FELIX KLEIN, JUDGE

_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**DISSENTING OPINION**

I respectfully dissent.  Notwithstanding the law of parties and that it need not be

pled in the indictment, defense counsel's trial strategy focused on appellant's anatomy and

argued she could not have sexually assaulted the victim.  *See* Sorto v. State, 173 S.W.2d

10

469, 476 (Tex.Cr.App. 2005); Cordova v. State, 698 S.W.2d 107, 111 (Tex.Cr.App. 1985), During his opening statement, defense counsel told the jury they were to consider the elements of the offense as set out in the indictment and explained they would have to find that appellant penetrated the female sexual organ of the victim with her sexual organ because no one else was named in the indictment as sexually assaulting the victim. Although the State objected to defense counsel's contention anticipating the court would instruct the jury on the law of parties, trial counsel persisted in presenting a defense on the State's inability to prove sexual assault and ignored application of the law of parties.

A criminal defense lawyer must have a firm command of the facts of a case and the law governing the case before he can render reasonably effective assistance of counsel. Ex parte Welborn, 785 S.W.2d 391, 393 (Tex.Cr.App. 1990). Additionally, counsel has a duty to bring to bear such skill and knowledge as will render the trial a "reliable adversarial testing process." *Id*. (citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Appellate counsel argues that defense counsel did not know the state of the law regarding application of the law of parties. The record on direct appeal demonstrates that counsel repeatedly focused appellant's defense on the State's failure to establish that appellant had engaged in sex with the victim. I would hold that pursuing a defense under an incorrect theory of law cannot be considered sound trial strategy and that defense counsel's performance fell below an objective standard of reasonableness.

11

To prevail on her claim of ineffectiveness, appellant must also demonstrate by a preponderance of the evidence that counsel's deficient performance prejudiced her defense. Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002). Eight witnesses testified for the State. Five of the eight, excluding the investigating officer, the medical expert, and a witness of whom no questions were asked during cross-examination, were all cross-examined on whether appellant had engaged in sex with the victim and whether appellant had touched the victim. When appellant testified in her defense, she was also asked whether she had engaged in sex with the victim.

Although defense counsel questioned the witnesses on whether appellant had invited the victim to spend the night, held the victim for Vick, or asked the victim to have sex with Vick, the record demonstrates that defense counsel's intent during cross-examination was to establish a lack of evidence to show appellant sexually assaulted the victim. This is supported by counsel's argument in support of the motion for directed verdict based on the State's failure to prove the elements of sexual assault, as well as the motion for new trial and brief in support thereof. Counsel's performance throughout trial demonstrated a lack of knowledge on application of the law of parties which affected his cross-examination of the State's witnesses to that extent. It is conceivable that a defense mounted under a correct theory of law might have produced a different result. I conclude the record demonstrates that counsel's deficient performance was sufficient to undermine confidence in the outcome and compel a holding that appellant was denied her Sixth Amendment right

to effective assistance of counsel.  I would reverse and remand the cause for a new trial.


                                        Don H. Reavis
                                           Justice


Do not publish.